## 45876. ATKINS v. BITUMINOUS CASUALTY CORPORATION.

EBERHARDT, Judge. William Horace Atkins filed suit against D. M. Evans, as the owner of a certain truck, and against James L. Jones, the driver, alleging that Jones had been Evans' employee, that Evans had entrusted it to him when he knew that Jones was in an intoxicated condition, that the truck was in a defective condition in that its gears could not be changed under stated conditions, that at night Jones had parked the truck on the highway so as to leave the rear end of it blocking plaintiff's right of way, with no lights thereon and no warning thereof, and that plaintiff had driven his car into the rear of the truck and thereby suffered serious injuries to himself and damage to his car.

Plaintiff amended, striking from the petition the allegations that defendant Jones was, at the time referred to, the servant or agent of defendant Evans or that he was acting within the scope of his employment, and alleged instead that Evans had "entrusted the vehicle involved in the collision herein complained of to defendant Jones with permission to drive the same." It was also alleged that at the time of the collision Jones was intoxicated, that the vehicle was mechanically defective, and that Evans had been negligent in permitting Jones to drive the defective vehicle while intoxicated.

Defendant Evans answered, denying these allegations and specifi-

cally asserted that on the occasion of the collision Jones had not operated the vehicle with his knowledge, consent or authority. Jones answered, denying the allegations that he had been intoxicated or that he had been negligent on the occasion in any way or manner.

Upon a trial the jury returned a verdict against Jones, but in favor of Evans. Jones sought and obtained a new trial. *Jones v. Atkins,* 120 Ga. App. 487 (171 SE2d 367). There was no appeal from the verdict and judgment in favor of Evans. Atkins died and his widow, as administratrix, was substituted as plaintiff in the action. It was retried against Jones only and again there was a verdict for the plaintiff against him. The judgment thereon has not been fully satisfied and the administratrix now seeks to recover from Bituminous Casualty Corporation, which had issued a liability policy to Evans, alleging that Jones had operated the vehicle with Evans' permission and was thus an additional insured under the policy.

Bituminous Casualty answered, admitting that it had issued a policy to Evans on the vehicle, but denied that it was liable thereunder, asserting that the issue of whether Jones had operated the vehicle with Evans' permission had been adjudicated adversely to plaintiff by the verdict and judgment in Evans' favor in the former action. Attached to its answer were copies of the petition, as amended, the defensive pleadings filed by Evans and by Jones and of the verdict and judgment in Evans' favor. Upon the pleadings in the present action Bituminous moved for summary judgment, and from a grant of the motion the administratrix appeals. *Held:*

1. Although Bituminous Casualty is a privy by contract of Evans, who was a party to the former action, and thus there is sufficient identity of the parties to the prior action and to the present action to authorize the invoking of res judicata, the causes of action are not the same. The former action was in tort, while the present action is in contract. Consequently, res judicata does not apply to bar the present action. *Banks v. Employees Loan &c. Corp.,* 112 Ga. App. 38 (3) (143 SE2d 787).

2. However, if estoppel by judgment is applicable to the situation the pleadings are sufficient to invoke it, for the nomenclature

used in referring to the effect of the prior judgment as being that of res judicata instead of estoppel by judgment is immaterial. *Grubbs v. Dowse,* 226 Ga. 763 (177 SE2d 237); *Hardy v. George C. Murdock Freight Lines,* 99 Ga. App. 459 (4) (108 SE2d 739); *Carmack v. Oglethorpe Co.,* 117 Ga. App. 664 (2) (161 SE2d 357). Estoppel by judgment may arise although the present and former actions were not based upon the same cause of action, if the same issue now litigated was actually litigated in the prior action. *Smith v. Wood,* 115 Ga. App. 265, 266 (154 SE2d 646).

3. Where estoppel by judgment is invoked it must appear from evidence introduced in support of the plea, or in support of a motion for summary judgment based thereon, that the issue in the present litigation was actually litigated in the prior action. It is not enough that the issue may have been made by the pleadings; evidence must have been introduced, whether by the plaintiff or by the defendant or by both, which would have authorized a resolution of the issue by the jury. *Smith v. Wood,* 115 Ga. App. 265 (3), supra. This can usually be accomplished by use of appropriate portions of the transcript from the former trial. No evidence appears to have been introduced in support of the motion here.

4. "A judgment is not a technical estoppel as to any matter, if the matter is not such that it had, of necessity, to be determined by the court or jury, before the court could give judgment." *Hunter v. Davis,* 19 Ga. 413. Accord: *Henderson v. Fox,* 80 Ga. 479 (1) (6 SE 164). And see *Farmer v. Baird,* 35 Ga. App. 208 (132 SE 260).

5. Upon a renewal of the motion, if it is properly supported by evidence and it appears that on this issue a finding was *demanded* that Jones was not operating the vehicle on the occasion in question with the permission of Evans, the owner, or, if so, that his operation of it was not within the scope of the permission granted, a summary judgment would be authorized, because if that is the situation the verdict in Mr. Evans' favor was necessarily based on the lack of permission. Ct. *Firemen's Fund Ins. Co. v. Northern Freight Lines,* 227 Ga. 581, 583. The jury was not, in that event, authorized to consider the matter

of whether there had been a negligent entrustment, for there can be no entrustment without permission.

On the other hand, if it should appear that there was no evidence introduced on this issue in the former action, the issue was not actually litigated and summary judgment based upon estoppel by judgment should be denied. Or, if it should appear that the evidence that was introduced on this question made a factual issue for resolution by the jury so that as to it the jury might have decided either way, summary judgment should be denied, for in that event the jury might have concluded that the vehicle was operated with Evans' permission, but even so, he had not been negligent in entrusting it to Jones for any of the reasons contended, and thus the issue of permission would not necessarily have been resolved adversely to plaintiff by the verdict in favor of Evans.

If it is proper to deny the motion for summary judgment, the matter should be submitted to a jury for resolution of the sole issue of whether on the occasion referred to Jones had operated the truck with Evans' permission. Matters such as whether Jones operated the vehicle under the influence of intoxicants, whether he may have wrongfully parked and left the vehicle on the road, whether the vehicle may have been mechanically defective, whether there was a negligent entrustment of it to Jones, and of the nature and extent of Mr. Atkins' injuries are wholly irrelevant in this action.

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*
ARGUED JANUARY 13, 1971—DECIDED JUNE 4, 1971.

*James I. Parker,* for appellant.
*Mundy, Gammage & Cummings, William W. Mundy,* for appellee.