59532. BERGANSKI v. CASWELL REALTY COMPANY et al.

DEEN, Chief Judge.

In March, 1975, Reinhold R. Berganski first brought suit against Fred Flowers, a building contractor, seeking money damages and alleging that he had failed to correct certain construction defects in his house. Shortly before the case came to trial, appellant had the suit voluntarily dismissed without prejudice. He filed a second suit in Fulton County against Flowers, Caswell Realty Company, Jim Royer Realty Company, Charles A. Gustafson, Dave Tarrer, and the law firm that handled the closing, alleging that he had been fraudulently denied an effective construction warranty because the warranty provisions contained in the sale contract merged with the deed at closing and sought damages. All the defendants except Flowers moved for summary judgment. On February 28, 1978, the trial court found that the warranty provision in the contract did not merge with the deed and granted summary judgment in favor of Gustafson, Jim Royer Realty Company, Dave Tarrer and the law firm. Caswell Realty's motion for summary judgment was denied. There was no appeal taken from this order and on April 24, 1978, the court dismissed without prejudice the action against Flowers and Caswell Realty for lack of jurisdiction over nonresident defendants. In August, 1978 Berganski again filed suit against Caswell Realty Company and Flowers in Gwinnett County contending that he had been fraudulently denied an enforceable warranty on his house and that he was fraudulently induced to purchase the house by false representations of Caswell Realty and Flowers. Flowers affirmatively pled the defense of collateral estoppel. After a hearing on the defendants' motions for summary judgment, the trial court granted Flowers partial summary judgment as to that portion of the complaint alleging fraudulent omission of the warranty from the deed and granted full summary judgment to Caswell Realty. *Held:*

The ruling of the Superior Court in Fulton County conclusively determined as a matter of law that the warranty provision of the contract survived the closing and, by implication, the nonexistence of any fraud on the part of Flowers and Caswell Realty Company in preventing the appellant from obtaining his warranty. As this ruling was never appealed or set aside and both defendants were parties to the action in Fulton County, the plaintiff is estopped from again raising this issue in the Gwinnett County action. *Atkins v. Bituminous Casualty Corp.,* 124 Ga. App. 1 (183 SE2d 1).(1971). The only other allegation against Caswell Realty is that it made false representations that the heating, appliances, and

other electrical equipment would be in good working order at the time of closing. This provision was contained in the contract between Berganski and Flowers. "In a suit on a contract an agent cannot be joined as co-defendant for the purpose of enforcing the terms of the contract made on behalf of the principal by the authorized agent acting solely in his representative capacity." *Washburn Storage Co. v. Elliott,* 93 Ga. App. 456 (2) (92 SE2d 28) (1956).

Accordingly, the trial court did not err in its ruling.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Argued March 5, 1980 — Decided April 9, 1980.

*William R. Parker,* for appellant.

*James W. Oxendine, J. L. Edmondson, John B. Jay,* for appellees.