## 65311. ROBERTSON v. CENTRAL MUTUAL INSURANCE COMPANY.

BANKE, Judge.

Appellant Kenneth Robertson brought this action for damages against the appellee insurance company seeking to recover $15,700 plus cost under a policy issued by appellee. He appeals from a grant of summary judgment in favor of appellee and from the denial of his own motion for summary judgment. The facts giving rise to the suit are as follows.

A house owned by appellant and rented by one Patricia Roe was damaged in a fire caused by the negligence of John Yeager, who lived in the house with Ms. Roe. Ms. Roe carried liability and property damage insurance issued by appellee, covering herself and all relatives who were residents of her household. Ms. Roe made a claim under the policy for damage to the contents of the house caused by

the fire, and this claim was paid in full by the appellee. Appellant Robertson then filed suit against Yeager in the Superior Court of Cherokee County to recover his damages sustained in the fire. Appellee was served but elected not to defend Yeager, taking the position that he was not a defined insured under the policy. Robertson was granted summary judgment in the Cherokee County action against Yeager and brought the instant action in DeKalb County against appellee to enforce coverage under Ms. Roe's policy.

The instant case is founded upon language in the Cherokee County judgment, which was drawn by appellant and presented to the judge for signing, describing Yeager and Ms. Roe as "a self-employed painter, and 'his wife." Appellant contends that this description was a conclusive finding that Yeager was the common-law husband of Ms. Roe and that appellee was thus obligated to pay the judgment entered against Yeager in Cherokee County. The appellee presented affidavits showing that Yeager was in fact married to another woman at the time of the fire, and the trial court found that he was not covered under Ms. Roe's policy. The appellant asserts on appeal that appellee was estopped to deny coverage or to introduce evidence to controvert the finding made in the Cherokee County case. *Held:*

We are cognizant of the fact that when an insurance carrier may defend an action, but elects not to do so, it is bound in subsequent litigation by all issues litigated in the first suit. *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (5) (112 SE2d 194) (1959). However, "[t]he Georgia estoppel rule extends 'only . . . to such matters within the scope of previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered.' *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833, 834) (1938)." Eason v. Weaver, 557 F2d 1202, 1204 (5th Cir. 1977). "Where estoppel by judgment is invoked it must appear from evidence introduced in support of the plea, or in support of a motion for summary judgment based thereon, that the issue in the present litigation was actually litigated in the prior action. It is not enough that the issue may have been made by the pleadings; evidence must have been introduced, whether by the plaintiff or by the defendant or by both, which would have authorized a resolution of the issue by the jury. [Cit.] . . . 'A judgment is not a technical estoppel as to any matter, if the matter is not such that it had, of necessity, to be determined by the court or jury, before the court could give judgment.' [Cits.]" *Atkins v. Bituminous Cas. Corp.,* 124 Ga. App. 1, 3 (3, 4) (183 SE2d 1) (1971).

That rule is controlling here. The only matter in issue in the Cherokee County suit was whether Yeager's negligence was the proximate cause of the fire which damaged Robertson's property.

Yeager's marital status at the time was totally irrelevant and unnecessary to a resolution of this issue. Conversely, the contract liability of the appellee in the present action was solely determined by Yeager's marital relationship to Ms. Roe. "If an insurer with an option to defend chooses to remain aloof from that litigation, it is estopped only as to factual matters essential to the judgment rendered in the first suit, and does not waive any legal defenses it may have as to its liability on the policy." Eason v. Weaver, supra, 557 F2d at 1206. Furthermore, " '[n]either waiver nor estoppel can be used to create a liability not created by the contract and never assumed by the insurer under the terms of the policy.' [Cits.]" *Washington v. Hartford Acc. & Indem. Co.,* 161 Ga. App. 431, 432 (2) (288 SE2d 343) (1982). Consequently, the trial court did not err in allowing in evidence the affidavits submitted by appellee showing that at the time of the fire Yeager was legally married to another woman. It follows that summary judgment was properly denied to appellant and granted in favor of appellee.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 19, 1983.

*Michael L. Wetzel,* for appellant.
*J. Kenneth Moorman, Marjorie M. Rogers,* for appellee.