## S90A1099. GREEN v. SNELLINGS.
### (400 SE2d 2)

HUNT, Justice.

Green appeals from the denial of his motion to set aside a default judgment. We affirm in part and reverse in part.

Snellings, by her mother, Saint, sued Green and the Morrises for damages for dog bite injuries she suffered on property owned by Green and rented by the Morrises, the owners of the dog. Green was personally served with the complaint, and filed an answer, denying liability for Snellings' injuries. Thereafter, Green's answer was dis-

missed, on Snellings' motion to compel, for failure to file responses to interrogatories. The trial court held a bench trial on the issue of damages and entered a $50,000 final judgment against Green. Snellings then dismissed her complaint against the Morrises.

1. Although the facts were disputed, the trial court was authorized to find Green was properly served with the motion to compel discovery, the rule nisi setting the hearing on the motion, and the order. Contrary to Green's argument, Uniform Superior Court Rule 6.4 (B) does not require the moving party seeking to compel discovery to confer with counsel for the opposing party prior to filing a motion to compel where no discovery responses have been filed. Finally, the record supports the trial court's finding in its order that Green wilfully failed to file interrogatory responses and, accordingly, the immediate sanction of dismissal was authorized. OCGA § 9-11-37 (d) (1). *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 438 (2) (254 SE2d 825) (1979).

2. Green contends he was entitled to notice of and to a jury on the trial on damages. Snelling argues that Green waived his right to notice of trial, citing OCGA § 9-11-5 (a): ". . . the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial. . . ." However, we confine the application of this section only to parties who fail to file pleadings and not, as in this case, to a party whose pleadings are dismissed as the result of a discovery sanction. This is consistent with a liberal construction of the rules of procedure, so as to reach the merits, as well as with the construction of Federal Rules of Civil Procedure 5 (a), the federal counterpart to this section. 4A Wright & Miller, Federal Practice & Procedure: Civil 2d, § 1144, p. 416; Moore's Federal Practice (2d ed.), Rule 5.05, p. 5-18.

As we interpret OCGA § 9-11-55 (a), Green may, upon notice of a hearing on damages, demand a jury trial on that issue.[1] Accordingly, although Green was in default by reason of his failure to comply with discovery, he was entitled to notice of the trial on damages and, upon demand, a jury trial on that issue.

3. We find no merit to the remaining enumerations raised by Green.

*Judgment affirmed in part; reversed in part. Clarke, C. J., Smith, P. J., Bell, Benham, Fletcher, JJ., and Judge James H. Weeks concur; Weltner, J., not participating.*

---

[1] By the 1981 amendment to this section, the automatic right to a jury trial on ex delicto damages was modified so that those damages could be heard non-jury unless the defendant in default made a jury demand prior to the hearing.

DECIDED JANUARY 30, 1991.

*Hawk, Hawk & Lyons, Victor C. Hawk,* for appellant.
*Nixon, Yow, Waller & Capers, E. Freddie Sanders, Lisa L. Clarke,* for appellee.