### A97A0424. BONNER v. SMITH et al.
(485 SE2d 214)

BIRDSONG, Presiding Judge.

Appellant/defendant Bobby E. Bonner has appealed pro se from the judgment of the superior court entered in favor of appellees/plaintiffs Daniel Jackson Smith and Joyce Smith.

This is a suit for damages and loss of consortium for injuries arising from appellant's averred intentional and negligent tortious conduct when he shot appellee Daniel Smith with a handgun. Appellant, who was incarcerated, twice failed to respond to the call of this case for trial; accordingly, the trial court granted appellees/plaintiffs' motion to strike appellant's defensive pleadings and motion for a bench trial. Trial was held, testimonial evidence was provided, and judgment was entered on behalf of appellees as follows: $2,639.48 for medical expenses, $15,000 for lost income, $70,000 for pain and suffering, and $100,000 for punitive damages. *Held*:

1. Appellant's enumerations that the trial court erred by not granting his motion to vacate and set aside judgment for insufficiency of service and for lack of jurisdiction and venue are without merit.

The trial court had subject matter jurisdiction. See generally Ga. Const. of 1983, Art. VI, Sec. IV, Par. I; OCGA § 15-6-8 (a) (1).

In his motion to vacate and set aside judgment, filed September 10, 1996, appellant contended that jurisdiction and venue were not proper in the Superior Court of Bibb County as defendant's "current [residential] address" is at the Bostick State Prison in Baldwin County. Therefore, appellant claimed that jurisdiction and venue were in the Baldwin County Superior Court. The record reflects the trial court did not issue any order denying appellant's motion to vacate and set aside judgment. This Court will not consider issues which were not passed upon in the trial court. *Norwood v. State*, 199

Ga. App. 536 (405 SE2d 526).

Further, the record contains no transcript of the evidence at the bench trial. In such situations, an appellate court must "assume that the trial court was correct in its factual finding relative to venue." *Tuggle v. Tuggle*, 251 Ga. 845 (1) (310 SE2d 224). Accordingly, assuming arguendo the trial court tacitly denied the motion to vacate and to set aside the judgment, thereby rendering an implicit finding that venue existed, this Court would still be obligated to assume the trial court did not err in such determination. See id.

The record reveals that appellant was personally served with the original summons and complaint at the Law Enforcement Center in Macon, Georgia, in Bibb County on March 21, 1995. See generally OCGA § 9-11-4 (a)-(d). Venue and personal jurisdiction of a trial court do not shift merely because a defendant changes his county of residence subsequent to the commencement of a suit. After appellant was served with original process in Bibb County, personal service of process was not required as to any amended complaint or subsequent pleading. *In the Interest of W. R. S.*, 213 Ga. App. 616, 618 (2) (445 SE2d 367); see also OCGA § 9-11-15 (a) and (b). "Service of the amended complaint by mail was proper." *Day v. Norman*, 207 Ga. App. 37, 38 (1) (427 SE2d 31). A party amending a pleading need only certify service of the amendment on the opposite party by mail contemporaneous with the filing of the amendment. See id.; *Locklear v. Morgan*, 127 Ga. App. 326 (193 SE2d 208).

2. Appellant's contention that the trial court erred by accepting, without issuing a written order, appellees' out-of-time amended complaint and motions is without merit. The record does not reveal the presence of a pretrial order; therefore, we must assume that no pretrial order was entered in this case. Further, we will not presume error from a silent record. See generally *Williams v. State*, 219 Ga. App. 167, 169 (2) (464 SE2d 404). "After the original complaint was served, [appellees were] entitled to file an amended complaint as long as no [pretrial] order was entered in the case. OCGA § 9-11-15 (a)." *Day*, supra. Prior to entry of a pretrial order, no leave of the court was required before the filing of an amended complaint which did not seek to add a new party. See OCGA § 9-11-15 (a); *Clover Realty Co. v. Todd*, 237 Ga. 821 (229 SE2d 649).

3. Appellant asserts the trial court erred by disregarding his motions in violation of OCGA § 15-6-21. "The only remedies for violation of the statute are mandamus and impeachment of the judge." *Brooks v. State*, 265 Ga. 548, 549 (3) (458 SE2d 349), citing *Graham v. Cavender*, 252 Ga. 123 (311 SE2d 832). Appellant's enumeration of error, as crafted, is without merit.

4. Appellant's enumeration that the trial court erred by denying his demand for a jury trial is without merit. The trial court struck

appellant's defensive pleadings after appellant missed both calendar call and the call of the case for trial (see generally Uniform Superior Court Rule 14); subsequently, appellees' motion for a bench trial was granted.

In civil suits, the right to trial by jury may be implicitly waived by a party's conduct. *Goss v. Bayer*, 184 Ga. App. 730 (362 SE2d 768). "[O]ne may . . . waive the right [to trial by jury] by conduct indicative of the fact that the right is not asserted." Id. at 731 (2). Appellant, after being duly notified of both the calendar call and the court call voluntarily elected not to take action either to obtain his timely presence in court or to provide for an authorized representative to appear on his behalf at these proceedings. The bench trial was held on August 8, 1996. Appellant received a copy of appellees' motion for bench trial and to strike his defensive pleadings on August 6, 1996; however, he did not file his objections until August 12, 1996, after the bench trial was held. Neither did appellant inform the court of any difficulties nor communicate to the court in any manner, regarding the calendar call or subsequent call of the case to trial. By this repetitive conduct, which ultimately resulted in the striking of his entire defensive pleadings, appellant implicitly waived his right to trial by jury. Compare *Goss*, supra; see also *Robertson v. Central Mut. Ins. Co.*, 165 Ga. App. 167 (299 SE2d 894); *Galanti v. Emerald City Records*, 144 Ga. App. 773, 774 (2) (242 SE2d 368). This holding is consistent with the well-established appellate rule that on appeal a party cannot complain of a judgment or ruling of the trial court which his own conduct or legal strategy aided in causing. *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221).

*Green v. Snellings*, 260 Ga. 751 (400 SE2d 2) is distinguishable; although incarcerated, appellant had ample notice of both the calendar call and the court call, and he also had prior notice of appellees' motions to dismiss appellant's defensive pleadings and for bench trial. Appellant *already* had filed a demand for a jury trial; he did not need express notice of the bench trial to safeguard his opportunity to make such demand. The case at bar, unlike *Green*, supra, involves the issue of waiver of an existing demand for trial by jury. In view of this holding, we need not address the issue of harmless error. Compare *Newman v. Greer*, 131 Ga. App. 128, 131-132 (205 SE2d 486).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 13, 1997 —
RECONSIDERATION DISMISSED APRIL 3, 1997.

Before Judge Culpepper.

Bobby E. Bonner, *pro se.*
*Dozier, Lee, Graham & Sikes, Joel M. Grist, Jr.,* for appellees.