A07A0237. DIAZ v. WILLS et al.
(649 SE2d 353)

ELLINGTON, Judge.

Adolfo Diaz appeals from the judgment of the State Court of Fulton County awarding damages and attorney fees to Patrick and Gloria Wills in this suit for negligent construction and breach of implied warranty. The state court entered a final judgment after the entry of a default judgment and after a hearing on the issue of damages. Diaz contends the court erred in denying him a jury trial on the issue of damages. Finding no error, we affirm.

In a case such as this, where the defendant failed to file an answer and failed to open the default as a matter of right within 15 days, Georgia law provides, in relevant part, as follows:

If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be

> entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, *without the intervention of a jury, unless the action is one ex delicto* or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages *before the court without a jury*, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; provided, however, *in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages.*

(Emphasis supplied.) OCGA § 9-11-55 (a).[1]

Because the Willses' suit is an action ex delicto,[2] the plain language of the statute dictates that Diaz is entitled to a jury trial if (1) he has placed damages in issue by filing a pleading raising that issue, and (2) he has made a demand for a jury trial. OCGA § 9-11-55 (a). Thus, the right to a jury trial is contingent upon the defendant having filed a pleading placing damages in issue. In this case, prior to the hearing on the issue of damages, Diaz filed two documents. The first is a document stating that counsel for the defendant "enters his appearance as attorney of record for the defendant." The second is a document in which Diaz demanded a "trial by jury of twelve (12) as to the issue of damages in the above-styled case." As explained below, neither of these documents is a "pleading" placing damages "in issue."

First, in the context of civil practice and pleading, an "issue" is "a point in dispute between two or more parties." Black's Law Dictionary, 7th ed., p. 835. See *Phillips v. State*, 254 Ga. 370, 373 (329 SE2d 475) (1985) (Smith, J., concurring specially), overruled on other grounds, *Jones v. State*, 257 Ga. 753, 760 (2) (363 SE2d 529) (1988) (an issue is "a disputed point or question upon which the parties are desirous of obtaining either decision of court on question of law or of court or jury on question of fact") (punctuation and footnote omitted). Further, a point or question "in issue" is one to which "issue has been

---

[1] Prior to its amendment by Ga. L. 1981, p. 769, § 1, this Code section required the amount of damages in actions ex delicto to be tried before a jury. The 1981 amendment deleted this requirement, changing subsection (a) so that a defendant is entitled to a jury trial on the issue of damages only if the issue is properly raised. See *Green v. Snellings*, 260 Ga. 751, 752, n. 1 (400 SE2d 2) (1991).

[2] An action ex delicto is generally one founded upon a tort. See *City & Suburban R. of Savannah v. Brauss*, 70 Ga. 368, 376-377 (1) (1883).

joined,"[3] that is, the matter has been disputed formally and is now ripe for resolution by the judge or jury. See, e.g., 35A C. J. S. Federal Civil Procedure § 357, p. 541 (1960) ("In federal civil procedure, an issue is a single, certain, and material point arising out of the allegations and contentions of the parties; it is a matter affirmed on one side and denied on the other, and when a fact is alleged in the complaint and denied in the answer, the matter is then put in issue between the parties.") (footnotes omitted). Second, a "pleading" is a "formal document in which a party to a legal proceeding ([especially] a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." Black's Law Dictionary, 7th ed., p. 1173. Under the Georgia Civil Practice Act, a party may file only those "pleadings" authorized by OCGA § 9-11-7 (a), that is, typically, a complaint and an answer.[4]

Thus, to preserve the right to a jury trial on damages under OCGA § 9-11-55 (a), a defendant must, at a minimum, file a formal document in the nature of an answer[5] which explicitly disputes the plaintiff's claim for damages. For example, a pleading that disputes damages might contest the amount owed, the method of computation, or whether and to what extent any right of set off may be applicable. Neither of Diaz's documents is in the nature of an answer, and neither actually disputes the amount of damages claimed by the Willses in any respect. Consequently, neither suffices as a pleading placing damages in issue under OCGA § 9-11-55 (a), and the state court did not err in so holding.

To avoid doubt and confusion in the future, we suggest that a defendant desiring a jury trial in such a case file an answer specifically contesting damages and a demand for jury trial on the issue of damages,[6] both clearly labeled as such.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

---

[3] "Joinder of issue" is defined as "[t]he acceptance or adoption of a disputed point as the basis of argument in a controversy." Black's Law Dictionary, 7th ed., p. 841.

[4] OCGA § 9-11-7 (a) provides:
*Pleadings.* There shall be a complaint and an answer; a third-party complaint, if a person who is not an original party is summoned under Code Section 9-11-14; and a third-party answer, if a third-party complaint is served. There may be a reply to a counterclaim denominated as such and an answer to a cross-claim, if the answer contains a cross-claim. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

[5] We are cognizant that "pleadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature, being always mindful to construe such documents in a manner compatible with the best interest of justice." *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997). Thus, while a document does not necessarily have to be labeled "Answer" to be an answer, it must, nevertheless, be in substance and function an answer to satisfy OCGA § 9-11-55 (a).

[6] In *Stephenson v. Wildwood Farms*, 194 Ga. App. 728, 729 (2) (391 SE2d 706) (1990) we held that OCGA § 9-11-55 (a) requires a "specific" demand for a jury trial "as to damages." A

DECIDED JULY 6, 2007.

*Carlos L. Corless*, for appellant.
*Taylor, Busch, Slipakoff & Duma, Ryan M. Pott*, for appellees.

---

verbal demand is insufficient, and a request for a jury trial on the entire case in a stricken answer is also insufficient. See id.