**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 14, 2015**

# In the Court of Appeals of Georgia

A15A0055. MCCUMBER et al. v. PETROLEUM SERVICES GROUP, LLC.

A15A0056. MCCUMBER et al. v. K. C. PETROLEUM, INC.

McFADDEN, Judge.

These cases arise out of leakage of fuel from underground storage tanks on the property of Coastal Retail Management, LLC – which is owned by appellants Andrew McCumber and Rajendra Patel. Coastal's claims arising out of that occurrence have been resolved in earlier litigation. In these cases, McCumber and Patel now seek personal damages arising out of the same occurrence. The trial court granted summary judgment against McCumber and Patel on the basis of collateral estoppel, and they appeal.

As to the claims resolved in the earlier litigation against Coastal, we agree with the trial court that McCumber's and Patel's claims are barred by collateral estoppel.

As to the negligence claim resolved in favor of Coastal, we pretermit the issue of collateral estoppel and hold that McCumber and Patel have shown no duty owed to them as individuals. We therefore affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from a grant of summary judgment, we apply a de novo standard of review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that Coastal filed a lawsuit in the Superior Court of Screven County, Georgia, against K. C. Petroleum, Inc. and Petroleum Services Group, LLC, seeking damages arising from the leakage of fuel from underground storage tanks on Coastal's property. The suit asserted claims of negligence and fraud against K. C. Petroleum, which had installed the tanks, and negligence against Petroleum Services, which had monitored the tanks. The case proceeded to a non-jury trial, after which the trial court entered judgment finding that Petroleum Services was not liable for negligence, that K. C. Petroleum was not liable for fraud, but that K. C.

Petroleum was liable for negligence in the amount of $425,170. Coastal appealed, and this court affirmed the judgment in an unpublished opinion.

In the meantime, McCumber and Patel, the owners of Coastal, filed a separate lawsuit in Liberty County, Georgia against K. C. Petroleum, its employee Loy Sanders, and Petroleum Services, seeking personal damages arising from the leaking fuel tanks. The complaint set forth claims of negligence and fraud against K. C. Petroleum, fraud against Sanders and negligence against Petroleum Services. K. C. Petroleum, Sanders and Petroleum Services moved for summary judgment on the grounds of res judicata and collateral estoppel based on the final judgment from the Screven County lawsuit. The trial court granted the motions, issuing one order granting summary judgment to Petroleum Services and another order granting summary judgment to K. C. Petroleum and Sanders. These appeals followed: in Case No. A15A055, McCumber and Patel challenge the summary judgment order in favor of Petroleum Services; and in Case No. A15A0056, they challenge the summary judgment in favor of K. C. Petroleum and Sanders.

*Case No. A15A0055*

1. *Negligence claim against Petroleum Services.*

Contrary to the arguments of McCumber and Patel, their negligence claim against Petroleum Services is barred by collateral estoppel. That doctrine

> precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim – so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.

*Coffee Iron Works v. QORE, Inc.*, 322 Ga. App. 137, 139 (1) (744 SE2d 114) (2013) (citation and emphasis omitted).

Here, the issue of Petroleum Services' liability for negligence was previously litigated and adjudicated in the Screven County action, with the trial court finding that Petroleum Services was not liable and this court affirming that finding on appeal. Although McCumber and Patel were not parties to the Screven County action, they are the sole owners and privies of Coastal, the plaintiff in that prior suit who litigated the same legal claim of negligence now asserted by McCumber and Patel in this suit. Consequently they are in privity with Coastal.

> A privy is generally defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. There is no definition of "privity" which can be

4

automatically applied to all cases involving the doctrines of res judicata and collateral estoppel, since privity depends upon the circumstances. Privity may be established if the party to the first suit represented the interests of the party to the second suit.

Id. at 141 (3) (citation omitted).

McCumber and Patel contend that they are not privies of their corporation because the Screven County trial court issued an order noting their separate lawsuit in Liberty County and prohibiting Coastal from seeking damages pertaining to them individually in the Screven County action. That order was appropriate because McCumber and Patel were not parties to the Screven County suit; it is irrelevant for purposes of collateral estoppel analysis. The fact remains that Coastal asserted and litigated the same claim of negligence against Petroleum Services that McCumber and Patel alleged in their separate action. Thus, McCumber and Patel are so connected in law and have such an identity of interest with their corporation that they are in privity with Coastal. Because the issue of Petroleum Services' liability for negligence was determined in the previous action and there is identity of the parties, that issue may not be re-litigated and the trial court therefore correctly granted summary judgment to Petroleum Services.

*Case No. A15A0056*

2. *Fraud claims against K. C. Petroleum and Sanders.*

The issue of liability for fraud by K. C. Petroleum and Sanders was also previously decided in the Screven County action and is thus barred by collateral estoppel. After the bench trial in Screven County, the trial court expressly found as part of its judgment that there was no liability for any alleged acts of fraud by employees of K. C. Petroleum. Although Sanders was not a party to that first action, his alleged acts of fraud were in issue and were actually litigated in the prior case. Indeed, on appeal, this court reviewed the evidence pertaining to the claim of fraud by Sanders and K. C. Petroleum, and we concluded that "the trial court's judgment in favor of [K. C. Petroleum] on that claim was authorized." Accordingly, since the issue of liability for fraud was determined in the previous action and there is identity of the parties, collateral estoppel "preclude[s] re-litigation of the same issue here. [Cit.]" See *Minnifield v. Wells Fargo Bank*, 331 Ga. App. 512, 517 (3) (771 SE2d 188) (2015).

3. *Negligence claim against K. C. Petroleum.*

McCumber and Patel argue that they cannot be estopped from pursuing the same negligence claim against K. C. Petroleum that was litigated in the previous action since K. C. Petroleum was actually found liable for negligence in that prior

6

suit. But pretermitting the issue of collateral estoppel is the fact that McCumber and Patel have not shown any duty owed to them, as individuals, by K. C. Petroleum which would support their negligence claim. On the contrary, the only duty identified in their complaint was the duty owed by K. C. Petroleum to Coastal to properly install the fuel tanks on Coastal's gas station site.

"The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." *City of Rome v. Jordan*, 263 Ga. 26, 27 (1) (426 SE2d 861) (1993) (citation and footnote omitted). Absent a duty owed by K. C. Petroleum to McCumber and Patel, they have not shown a viable negligence claim against K. C. Petroleum for any purported indirect injuries. See *Crittenton v. Southland Owners Assn.*, 312 Ga. App. 521, 524 (2) (718 SE2d 839) (2011) (indirect injuries to a corporate member or director resulting from direct injury to the corporation do not give rise to a direct action); *Dunn v. Ceccarelli*, 227 Ga. App. 505, 509 (1) (a) (489 SE2d 563) (1997) (physical precedent).

That threshold issue controls our decision today. "A grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond." *Georgia-Pacific v. Fields*, 293 Ga.

7

499, 504 (2) (748 SE2d 407) (2013) (citations, punctuation and emphasis omitted). Here, K. C. Petroleum raised this very issue of lack of evidence of duty in a prior summary judgment motion, which the trial court denied before later granting the renewed motion for summary judgment. Under these circumstances, the issue was properly raised in the trial court, and even though not the stated reason for the trial court's eventual grant of summary judgment, it mandates affirmance of the summary judgment ruling. See *McPherson v. City of Ft. Oglethorpe*, 200 Ga. App. 129, 131 (1) (407 SE2d 99) (1991) (absent evidence of duty, essential element of negligence is missing and trial court properly granted summary judgment to defendant).

*Judgments affirmed. Dillard, J., concurs; Ellington, P. J., concurs in the judgment only.*