**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 14, 2019**

# In the Court of Appeals of Georgia

A19A1744. INGRAM et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

MERCIER, Judge.

Orlando Ingram and Andrew Johnson (collectively, "the defendants") appeal from the trial court's order entering default judgment against them in this subrogation action brought by State Farm Mutual Automobile Insurance Company ("State Farm"). For reasons that follow, we vacate the entry of judgment and remand the case with direction.

Because this appeal involves questions of law concerning the entry of default judgment, we "review the record de novo and apply a plain legal error standard of review." *Pure Hospitality Solutions v. Canouse*, 347 Ga. App. 592, 594 (820 SE2d 434) (2018). According to State Farm's subrogation complaint, on November 19,

2012, a vehicle driven by Ingram and owned by Johnson collided with a vehicle insured by State Farm. A passenger in the vehicle insured by State Farm was injured, and State Farm paid her $75,000 in uninsured/underinsured motorist benefits. Alleging that Ingram's negligence caused the collision, State Farm sought to recover this amount plus interest and costs from the defendants.[1]

The defendants answered the complaint, raising various defenses, denying liability, and demanding a jury trial. State Farm subsequently moved to compel the defendants to respond to its outstanding discovery requests. The trial court granted the motion to compel, and when the defendants again failed to respond to discovery, State Farm filed a motion for sanctions. The trial court granted the motion, struck the defendants' pleadings, and found the defendants in default.

Following the default, the defendants filed a "Pleading Pursuant to OCGA § 9-11-55 (a)," through which they "contest[ed] all damages allegedly sustained by [State Farm], specifically deni[ed] that [State Farm] ha[d] suffered any damages, and demand[ed] a trial by jury . . . on the issue of damages." Approximately four months

---

[1] State Farm brought its subrogation complaint "in the name of" the injured passenger.

later, and without holding a trial on damages, the trial court entered final judgment for State Farm in the amount of $75,520.45.

The defendants appeal the final judgment, arguing that the trial court erred in failing to conduct a jury trial on damages. We agree. Pursuant to OCGA § 9-11-55 (a), when a case is in default and the defendant has no right to open the default, the plaintiff

> shall be entitled to verdict and judgment by default . . . as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, *unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages* before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; provided, however, *in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages*.

(Emphasis supplied).

The record shows that the defendants specifically contested damages and demanded a trial by jury on the issue. Such circumstances bring this case directly within the jury trial requirement of OCGA § 9-11-55 (a). Although State Farm argues

3

that the damages here were "undisputed," it has pointed to no evidence that the defendants agreed to the damages amount entered by the trial court or that the damages were in any way liquidated.[2] Moreover, as the party seeking subrogation, State Farm stood in the shoes of the injured passenger in a personal injury *tort* action against the defendants. See *Whirl v. Safeco Ins. Co.*, 241 Ga. App. 654, 656-658 (527 SE2d 262) (1999) (subrogation action filed by insurer following payment of uninsured motorist benefits must be brought "in the name of the insured . . . against the tort-feasor" and is subject to the two-year statute of limitation for personal injury claims). State Farm's subrogation action, therefore, involved an ex delicto claim sounding in tort. See generally *Delta Aliraq v. Arcturus Intl.*, 345 Ga. App. 778, 782 (2) (815 SE2d 129) (2018) ("[T]he statutory phrase 'ex delicto' describes a tort[.]"); *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 760, n.2 (437 SE2d 616) (1993) ("[A] dispute over whether a workers' compensation insurer has the right to

---

[2] To support its argument that damages were "undisputed," State Farm cites medical records that it submitted to the trial court *after* the entry of default judgment and *after* the defendants filed their notice of appeal. It also points to the defendants' discovery requests, answer, and motion to set aside the default judgment, as well as its response to the motion to set aside. None of these documents rendered the question of damages "undisputed" at the time the trial court entered final judgment.

4

be subrogated to an employee's tort action against third-parties sounds in tort rather than in contract.").

The clear terms of OCGA § 9-11-55 (a) required State Farm to introduce evidence establishing the amount of its damages before the entry of final judgment. It failed to do so. And given the defendants' explicit, unequivocal pleading contesting damages and demanding trial by jury, a jury trial on damages was necessary. See OCGA § 9-11-55 (a); *Diaz v. Wills*, 286 Ga. App. 357, 358 (649 SE2d 353) (2007) ("[T]he plain language of [OCGA § 9-11-55 (a)] dictates that [a defendant] is entitled to a jury trial if (1) he has placed damages in issue by filing a pleading raising that issue, and (2) he has made a demand for a jury trial."); *Ross v. White*, 175 Ga. App. 791, 792 (4) (334 SE2d 371) (1985) ("Where a default judgment has been imposed as a [discovery] sanction . . . in an action involving unliquidated damages, evidence must be introduced to establish the amount of such damages.").

The trial court erred in entering default judgment against the defendants without submitting the issue of damages to a jury. See *Follmer v. Perry*, 229 Ga. App. 257, 260 (2) (493 SE2d 631) (1997). Accordingly, we vacate the trial court's final judgment and remand the case for a trial on damages. See id.

5

*Judgment vacated and case remanded with direction. Barnes, P. J., and Brown, J., concur.*