**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 26, 2023**

# In the Court of Appeals of Georgia

A23A0603. WILKINSON et al. v. RICHELLO.

DOYLE, Presiding Judge.

Denise and Nelson Wilkinson are the maternal grandparents of Joseph Richello's three minor children. Richello's wife, the Wilkinsons' daughter, died of natural causes during the pendency of their divorce proceeding in 2019. In this case, the Wilkinsons appeal an order dismissing their Petition to be Adjudicated Equitable Caregivers of Minor Children pursuant to OCGA § 19-7-3.1 ("the Equitable Caregiver Statute"). They contend that the superior court erred by ruling that (1) their petition was barred by collateral estoppel based on an earlier ruling against them under OCGA § 19-7-1 (b.1), and (2) the Equitable Caregiver Statute does not authorize original actions by grandparents. Because an essential part of the

Wilkinsons' claim depends on an issue already decided against them in an earlier proceeding involving Richello, we affirm.

This is the second time these parties have been before this Court. In the first case, *Richello v. Wilkinson*[1] ("*Richello I*"), we addressed Richello's appeal from a superior court order granting the Wilkinsons full legal and physical custody of his children under OCGA § 19-7-1 (b.1). In that case, Richello's wife filed for divorce in 2017 while they both lived in Connecticut.[2] During the divorce proceeding, the Connecticut divorce court entered an order in September 2017, approving an agreement by Richello and his wife that she and the children would relocate to Georgia, where the Wilkensons lived, and Richello would have reasonable visitation.[3] After efforts to reconcile failed, the couple's divorce proceeding went to trial in May 2019, but it was continued until August. Before the trial resumed, Richello's wife died of natural causes.[4]

---

[1] 361 Ga. App. 703 (865 SE2d 571) (2021).

[2] Id. at 704.

[3] See id.

[4] See id.

When Richello immediately went to Georgia to retrieve his children, who had been living with their mother and the Wilkinsons for the previous two years, the Wilkinsons filed emergency petitions for custody, which they later amended to include a claim for permanent legal and physical custody.[5] Acrimonious litigation ensued in Georgia, and the superior court eventually entered a final order awarding the Wilkinsons permanent legal and physical custody of the children.[6] Richello appealed that order in *Richello I*.

Based on the Wilkinsons' failure to meet their evidentiary burden under OCGA § 19-7-1 (b.1) to show that parental custody would harm the children,[7] this Court reversed the superior court's order and directed the superior court to award Richello

---

[5] See id. at 706.

[6] See id. at 708.

[7] See *Strickland v. Strickland*, 298 Ga. 630, 631 (1) (783 SE2d 606) (2016) ("To overcome [the statutory presumption that the child's best interest is to remain in custody of the parent], a third-party relative must show, with clear and convincing evidence, that the child will suffer either physical harm or significant, long-term emotional harm if custody is awarded to the parent."), citing *Clark v. Wade*, 273 Ga. 587, 598-599 (IV) (544 SE2d 99) (2001) (construing the "best interest of the child" standard in OCGA § 19-7-1 (b.1) to require a showing that parental custody would harm the child).

full physical and legal custody, noting that any issue of grandparent visitation should be resolved upon remand.[8]

On remand, in November 2021, the Wilkinsons filed emergency motions in the superior court seeking a stay of the change of custody and seeking grandparent visitation rights. The superior court held a brief hearing and then entered an order denying all pending motions and awarding full legal and physical custody to Richello. The Wilkinsons did not appeal that order.

Instead, in December 2021, the Wilkinsons initiated the present action by filing a Petition to Be Adjudicated Equitable Caregivers of Minor Children. The petition is based on the Wilkinsons' experience of being caregivers after the children moved to Georgia in September 2017 — during the divorce proceeding — until Richello regained custody in December 2021, and it is not based on any new conduct on the part of Richello or specific allegations of harm to the children caused by Richello. In January 2022, Richello made a special appearance[9] and filed an answer and motion to dismiss, asserting, among other things, res judicata and collateral estoppel.

---

[8] See *Richello I*, 361 Ga. App. at 712-713, n. 24 (6).

[9] Richello also challenged service of process, but that issue is not pertinent to this appeal.

Following a brief hearing at which counsel for both sides made arguments, the superior court entered an order in August 2022, dismissing the Wilkinsons' petition on the grounds of collateral estoppel and that the Equitable Caregiver Statute did not apply to grandparents.

The Wilkinsons now appeal, arguing that the superior court erred by ruling that (1) their present action is barred by collateral estoppel, and (2) they cannot avail themselves of the Equitable Caregiver Statute because they are relatives of the children. We agree that the present action is barred by the collateral estoppel doctrine.

1. *Collateral estoppel*. The Wilkinsons argue that the superior court erred by dismissing their claim based on collateral estoppel. "This Court's review of a trial court's ruling on a motion to dismiss is de novo."[10]

As a threshold matter, the Wilkinsons argue that Richello did not properly raise collateral estoppel below, pointing to the fact that Richello's motion to dismiss made reference only to res judicata. But Richello's brief in support of his motion lists collateral estoppel as a ground, Richello's counsel summarized his argument at the motion hearing that "res judicata and collateral estoppel stops [the Wilkinsons] from

[10] *Choi v. Immanuel Korean United Methodist Church*, 327 Ga. App. 26, 27 (755 SE2d 354) (2014).

5

going forward," and the superior court's order is clear in its ruling that, in light of the prior litigation between these parties in *Richello I*, the Wilkinsons are collaterally estopped from bringing this claim. Thus, the merits of the collateral estoppel defense were properly before the superior court when it ruled, and they are now properly presented in this appeal.[11]

Turning to the merits at issue, we begin with the legal background:

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

---

[11] See generally *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010) (affirming grant of summary judgment based on collateral estoppel even though, "strictly speaking," it was distinct from the res judicata basis asserted by the trial court), citing *Braley v. City of Forest Park*, 286 Ga. 760, 767 (6) (692 SE2d 595) (2010) (affirming grant of summary judgment under the "right for any reason" rule). See also *Atkins v. Bituminous Cas. Corp.*, 124 Ga. App. 1, 2-3 (2) (183 SE2d 1) (1971) ("[I]f estoppel by judgment is applicable to the situation [and] the pleadings are sufficient to invoke it, . . . the nomenclature used in referring to the effect of the prior judgment as being that of res judicata instead of estoppel by judgment is immaterial.").

6

On the other hand, the related doctrine of collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, *collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.*[12]

Here, a comparison between *Richello I* and the present case demonstrates that the two cases involve different legal *claims*, so the proper analysis is collateral estoppel. As noted in the above factual recitation, *Richello I* addressed the Wilkinsons' claim for grandparent custody under OCGA § 19-7-1 (b.1), which provides in part that "*[t]he sole issue for determination in any such case shall be what is in the best interest of the child or children.*"[13] Thus, the analysis in *Richello I* was limited to a fairly straightforward review of the best interest of the child, and it explicitly adjudicated a partial loss of parental power by the parent.

---

[12] (Punctuation omitted; emphasis supplied.) *Brinson*, 287 Ga. at 486, quoting *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 546 (629 SE2d 260) (2006).

[13] (Emphasis supplied.)

By contrast, the present case addresses the Wilkinsons' claim under the Equitable Caregiver Statute, which provides that "an individual seeking to be adjudicated an equitable caregiver of a child may establish standing to maintain the action," in part by filing a pleading containing an affidavit demonstrating prima facie compliance with certain requirements.[14] The superior court can adjudicate an individual to be an equitable caregiver if it finds by clear and convincing evidence that the individual has:

> (1) Fully and completely undertaken a permanent, unequivocal, committed, and responsible parental role in the child's life;

> (2) Engaged in consistent caretaking of the child;

> (3) Established a bonded and dependent relationship with the child, which relationship was fostered or supported by a parent of the child, and such individual and the parent have understood, acknowledged, or accepted that or behaved as though such individual is a parent of the child;

> (4) Accepted full and permanent responsibilities as a parent of the child without expectation of financial compensation; and

---

[14] OCGA § 19-7-3.1 (b).

(5) Demonstrated that the child will suffer physical harm or long-term emotional harm and that continuing the relationship between such individual and the child is in the best interest of the child.[15]

Further,

[i]n determining the existence of harm, the court shall consider factors related to the child's needs, including, but not limited to:

(1) Who are the past and present caretakers of the child;

(2) With whom has the child formed psychological bonds and the strength of those bonds;

(3) Whether competing parties evidenced an interest in, and contact with, the child over time; and

(4) Whether the child has unique medical or psychological needs that one party is better able to meet.[16]

And a determination under the Equitable Caregiver Statute "does not disestablish the parentage of any other parent."[17] Therefore, it is plain that an adjudication under the

---

[15] OCGA § 19-7-3.1 (d).

[16] Id. at (e).

[17] Id. at (j).

Equitable Caregiver Statute involves a different claim from the one in *Richello I*, and it involves additional factual determinations regarding the relationship of the petitioner, child, and parent. Thus, res judicata does not bar the present action because *Richello I* did not resolve all the issues raised here.[18]

But it is clear that *Richello I* did resolve what would be in the best interest of the children as between these parties, specifically proving whether "by clear and convincing evidence that the child[ren] will suffer physical or emotional harm if custody were awarded to the biological parent,"[19] i.e., if the grandparents do not obtain custody. Proving this is also a necessary element of the analysis under the Equitable Caregiver Statute, which requires petitioners to "[d]emonstrate[] that the child will suffer physical harm or long-term emotional harm and that continuing the relationship between such individual and the child is in the best interest of the child."[20] *Richello I* resolved the merits of whether the children would suffer harm by

---

[18] See *Falcone Global Solutions, LLC v. Forbo Flooring B. V.*, 363 Ga. App. 815, 819 (872 SE2d 792) (2022) ("[S]o long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim."), quoting *Brinson*, 287 Ga. at 486.

[19] *Richello I*, 361 Ga. App. at 714 (6).

[20] OCGA § 19-7-3.1 (d) (5).

10

staying in the sole custody of Richello, so relitigation of that issue is precluded here.[21]

The Wilkinsons' present action, which was filed less than a month after the *Richello I* remittitur, was not predicated on changed circumstances that would present new issues for resolution here.

Further, although the Wilkinsons purport to seek only visitation rights, conceding that they can no longer relitigate custody, our opinion in *Richello I* stated that "[a]ny potential outstanding issues regarding visitation by the grandparents should also be resolved upon remand."[22] On remand, the superior court entered an order awarding Richello sole custody and denied any pending motions, including the Wilkinsons' emergency motion seeking visitation. The Wilkinsons did not appeal that order, so it is the final ruling on that issue and remains binding in this case.[23]

In sum, *Richello I* and its result on remand were the final adjudication as to the best interest of the children with respect to custody between these parties based on

---

[21] See *Falcone Global Solutions, LLC*, 363 Ga. App. at 819.

[22] *Richello I*, 361 Ga. App. at 713, n. 24.

[23] See *Berganski v. Caswell Realty Co.*, 154 Ga. App. 294 (267 SE2d 896) (1980) ("As this ruling was never appealed or set aside and both defendants were parties to the [prior] action . . . , the plaintiff is estopped from again raising this issue in the [subsequent] . . . action.").

11

these circumstances. That ruling cannot be revisited in this case, even if this case presents additional issues to be proved under the Equitable Caregiver Statute.[24] Accordingly, Richello has met his burden to show "that the contested issue[], even though arising out of a different claim, [was] actually litigated and decided and [was] necessary to the prior decision."[25]

2. In light of Division 1, we need not address the Wilkinsons' challenge to the superior court's ruling that they cannot proceed under the Equitable Caregiver Statute because they are relatives.

*Judgment affirmed. Gobeil, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[24] See *McCumber v. Petroleum Svcs. Group, LLC*, 333 Ga. App. 459, 462 (2) (773 SE2d 802) (2015) (holding that because an essential "issue . . . was determined in the previous action and there is identity of the parties, collateral estoppel precludes re-litigation of the same issue here.") (punctuation omitted).

[25] (Citations omitted.) *Boozer v. Higdon*, 252 Ga. 276, 278 (1) (313 SE2d 100) (1984).