### 71508. ADAMS et al. v. HILL.
(340 SE2d 27)

BIRDSONG, Presiding Judge.

Adams was defendant in this suit on a note. The plaintiff moved for summary judgment. Two days before the scheduled hearing, Adams' attorney filed a motion for continuance, averring that "because of current problems with his health," he was unable to appear in court and had been unable to prepare several documents in response to the plaintiff's motion. He averred that to deny the motion for continuance would work a manifest injustice. A doctor's letter attached to the motion described the attorney's illness and said: "I believe it will be in his best interests and his clients [sic] that he take a leave of absence from any professional liabilities for at least three weeks." The motion for continuance was denied and summary judgment granted to the plaintiff. Adams appeals the denial of continuance. *Held*:

Strict compliance with OCGA § 9-10-155 is required to obtain a continuance of a case proceeding. *Scott v. State*, 151 Ga. App. 840 (1) (262 SE2d 198). These requirements are that the *party* must swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only. These are absolute requirements. See also OCGA § 9-10-166. None of these requirements was fulfilled. As a rule, continuance on the ground of counsel's illness is not favored. *McLendon v. State*, 123 Ga. App. 290, 296-297 (180 SE2d 567).

In all cases, the grant of a continuance is in the discretion of the trial judge (OCGA § 9-10-167), but where the statute is not complied with, no grounds for continuance exist. The trial court did not err in refusing a continuance in this case. In any event, the summary judgment was not appealed from and establishes the judgment in this case. See *McLendon*, supra, p. 295 (2).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 13, 1986.

*Christopher A. Frazier*, for appellants.
*Jefferson L. Davis, Jr.*, for appellee.