## A95A2606. TUCKER et al. v. SIGNATURE FLIGHT SUPPORT-SAVANNAH, INC.
### (466 SE2d 694)

BLACKBURN, Judge.

Jewett Tucker, Jr. and Southeast Timberlands, Inc. appeal the trial court's refusal to grant a continuance when it became known that illness would prevent two different out-of-state witnesses from appearing at trial.

Signature Flight Support-Savannah, Inc., formerly known as Butler Aviation-Savannah, Inc., sued appellants for a debt allegedly incurred in repairing their airplane. Appellants defended the suit alleging that the bill was unreasonable and the repairs were poorly performed. At trial, appellants planned on calling only two non-party witnesses including Ed Bennett, who was piloting the plane when the malfunction occurred on the runway in Savannah, and Joe Snodgrass, who was familiar with the plane and its repair history. Both Bennett and Snodgrass lived outside of Georgia.

Early in the week before trial, Snodgrass indicated that he was not feeling well but would attempt to appear at trial. On the Sunday afternoon before trial he called and informed appellants that his condition had worsened and that he would not be able to attend. At that time, appellants contacted the trial court and requested a continuance, which request the trial court denied. Appellants then began plans to try the case using Bennett as the only non-party witness. However, the Wednesday before trial, the trial court had been made aware that Bennett was not feeling well and his attendance was questionable whereupon the trial court recommended that his deposition be taken via telephone. Rather, than pursue this measure, appellants made plans to continue with Bennett as their primary witness. However, like Snodgrass, Bennett's condition worsened in the weekend before trial. Appellants learned that he would not be able to attend approximately one hour before they were to appear in court. Once again, they asked the trial court for a continuance, and, once again, the request was denied. The trial commenced and a verdict of $41,753.55 was entered against the appellants.

As their sole enumeration, appellants assert that the trial court erred in denying their motions for a continuance. A motion for a continuance based on an absent witness is addressed to the sound legal discretion of the trial court and no error will be assigned unless it appears that the trial court abused that discretion in passing on the motion. *United Motor Freight Terminals v. Driver*, 75 Ga. App. 571, 572 (44 SE2d 156) (1947).

OCGA § 9-10-160 provides that all applications for continuances based upon the absence of a witness shall set forth eight different requirements. Where any one of these statutory requirements is not met, there is no abuse of the trial court's discretion to deny a continuance. *Carroll v. Crawford*, 218 Ga. 635 (129 SE2d 865) (1963) (construing an earlier version of OCGA § 9-10-160). One of the eight statutory requirements is that the absent witness does not reside outside of the state. OCGA § 9-10-160 (3). As appellants readily admit that both absent witnesses resided outside of Georgia, it was not error for the trial court to deny appellants' request for a continuance.

Further, even in the absence of the statutory analysis, we find no error. At the time of the trial, the case had been pending over two years and had previously been continued several times. At trial, the jury was able to hear the testimony of one absent witness, Snodgrass, by deposition. While it is true that the jury was not able to hear from Bennett, appellants chose not to preserve his testimony via a telephone deposition the week prior to trial as the trial court had suggested even though they knew Bennett's ability to attend the trial was — in their own words — questionable. Thus, we find that appellants were, in large measure, responsible for their own predicament, and we find no abuse of discretion on the part of the trial court in denying their request for a continuance.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 11, 1996.

*Martin, Snow, Grant & Napier, Michael M. Smith*, for appellants.

*C. James McCallar, Jr., Todd E. Schwartz*, for appellee.

