A00A0629. MARTIN et al. v. WYATT et al.
(533 SE2d 149)

BARNES, Judge.

Lithford and Virginia Martin appeal the trial court's dismissal of their complaint for lack of prosecution. We conclude that the trial court did not abuse its discretion in dismissing the complaint and affirm.

The Martins dismissed their first personal injury suit against Hazel and Edward Wyatt on March 21, 1997, and refiled it on September 22, 1997. On February 2, 1999, the Wyatts moved to dismiss the complaint for failure to prosecute because no counsel of record responded on behalf of the Martins at a mandatory calendar call on February 1, 1999, and the attorney who told the clerk he was ill and

---

unable to attend was not the counsel of record. The trial court granted the motion on February 12, 1999, finding that the case had been placed on the February 1, 1999 trial calendar and "[c]ounsel for plaintiff failed to appear. No announcement was made by counsel of record. Instead, counsel telephoned the Court and stated he was ill." The court concluded that the law required counsel who sought a continuance due to illness to present a doctor's affidavit that specifically included the style of the case. Because counsel did not submit such an affidavit, the trial court dismissed the case for want of prosecution. The trial court's order of dismissal, however, was styled with the case number of the Martins' first, dismissed, civil action and not the one pending before the trial court at that time.

On March 12, 1999, the Martins moved for reconsideration of the dismissal order, arguing that illness prevented counsel from appearing at the calendar call and that someone claiming to be the calendar clerk said the case had been continued. The Martins also moved on March 12, 1999, for a "new trial," on the grounds that "[t]he verdict is contrary to law, . . . contrary to the evidence, . . . strongly against the weight of the evidence, [and] [t]he court erred by Dismissing said Action." No briefs were submitted with these motions.

On March 14, 1999, attorney S. Ben Parker filed an entry of appearance on behalf of the Martins. Parker was the attorney who called in sick but was not then counsel of record. On March 15, 1999, Parker filed an affidavit in which he stated that he experienced a sudden illness the night before the calendar call that prevented him from attending, although he made several calls to the trial judge's office to communicate his situation with staff members. Because he had the case file, his co-counsel, George Peters, "was unable to receive files in time to proceed with the trial," Parker averred, although he also said his clients had been in the courtroom at the call of the calendar.

The Wyatts then moved the trial court to correct its order of dismissal by correcting the case number, and on May 6, 1999, the trial court granted the Wyatts' motion to correct its February 12, 1999, order of dismissal, ordering the clerk of court to substitute the proper civil action number in that earlier order.

The trial court also denied the Martins' motion for a new trial on May 6, 1999, noting that no trial had been held in the case and no verdict was returned. Finally, the court denied the Martins' motion for reconsideration, noting that OCGA § 9-11-60 provided the exclusive means for attacking a judgment, and those means did not include a motion for reconsideration.

We concluded in a previous order in this case that no final judgment was effectively rendered until the trial court entered its corrective order on May 6, 1999. Thus, the Martins were able to file a

timely appeal, and they submit four arguments on appeal: (1) Georgia law does not require an attorney to submit a doctor's affidavit to seek a continuance due to illness; (2) their counsel complied with the requirements for a continuance; (3) the trial court erred in finding the Martins were not in the courtroom as of the calendar call and in not allowing them to proceed pro se; and (4) the trial court erred in denying their motions for new trial and for reconsideration.

1. We consider the first and second enumerations together, reviewing for abuse of discretion a trial court's grant of a motion to dismiss for want of prosecution. *Ector v. Unison Ins. Co.*, 228 Ga. App. 520, 521 (3) (492 SE2d 287) (1997). The trial court may dismiss an action for want of prosecution when a party's attorney fails to appear for trial and has not obtained a continuance. See *Scriver v. Lister*, 235 Ga. App. 487, 488 (1) (510 SE2d 59) (1998).

The Georgia Code specifically outlines the requirements to be met when seeking a continuance due to counsel's illness. OCGA § 9-10-155 provides:

> The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance, provided that the party making the application for a continuance will swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only.

Nothing in this record shows that any of these criteria for granting a continuance due to counsel's illness were met. " 'Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge.' " *Chappelaer v. Gen. GMC Trucks*, 130 Ga. App. 664, 666 (2) (204 SE2d 326) (1974).

The record contains no motion for continuance; further, the counsel claiming he could not attend trial due to illness made no entry of appearance as counsel of record until April 14, 1999, more than two months after the trial court granted the Wyatts' motion to dismiss. The attorney who was counsel of record for the Martins as of the February 1, 1999 calendar call submitted no motions or affidavits to seek a continuance or respond to the Wyatts' motion to dismiss. While we can conceive of circumstances under which a trial court may properly require an attorney seeking a continuance to present a doctor's affidavit of illness, OCGA § 9-10-155 does not mandate that action. However, under the circumstances in this case, we cannot say the trial court erred in concluding that the Martins failed to appear

and failed to comply with the requirements for a continuance.

2. The Martins argue the trial court erred in not allowing them to proceed pro se and in finding that they failed to report upon the call of the calendar on February 1, 1999. First, nothing in the record indicates that the Martins asked to proceed pro se. Counsel has cited no authority for the proposition that a trial court must discern sua sponte whether a civil party wishes to proceed on his own when his lawyer fails to appear, and we decline to so hold. Second, no evidence of record rebuts the trial court's finding that the Martins failed to respond when the calendar was called. While counsel refers in his brief to the Martins' affidavits as support for his argument that the Martins were in court on February 1, 1999, these affidavits do not appear in the record transmitted from the trial court. This court cannot consider factual representations in a brief that are not supported by the record. *Ellison v. William Huff Ford, Inc.*, 155 Ga. App. 108, 109 (270 SE2d 327) (1980). The trial court did not abuse its discretion in granting the Wyatts' motion to dismiss.

3. We also cannot say that the trial court erred in denying the Martins' motions for new trial and motion for reconsideration. Pretermitting whether these motions were proper vehicles to challenge an order granting a motion to dismiss, for the reasons discussed in Division 1, we hold that the trial court did not err in denying the Martins' motions.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 30, 2000.

*George B. Peters, Joseph C. Pendergrass, Jr., James S. Grimes,* for appellants.

*Harper, Waldon & Craig, Thomas D. Harper, Robert D. Brunson, Trevor G. Hiestand,* for appellees.