S06A0709. CHATTOWAH OPEN LAND TRUST, INC. et al.
v. JONES et al.

(636 SE2d 523)

MELTON, Justice.

Judith Felton ("Decedent") died testate on November 27, 2003. In Item V (a) of her will, she devised her personal residence and surrounding property "to the Chattowah Open Land Trust, Inc., for qualified conservation purposes, as described in Section 170 (h) of the Internal Revenue Code of 1986 (the 'Code'), and the Treasury Regulations thereunder, or subsequent law of similar import." Felton further provided that it was her intent "to bequeath [her] homeplace and the surrounding acreage to an organization which will maintain the property in perpetuity exclusively for conservation purposes within the meaning of Section 170 (h) of the Code." In addition, in Item V (b) of the will, she bequeathed gardening equipment to Chattowah so that it could appropriately maintain the property.

J. Donald Jones and SunTrust Bank, the co-executors and appellees herein, tendered an executor's deed to Chattowah. This executor's deed exactly tracked the language of Item V of the will, and it deeded the property to Chattowah as trustee of a charitable trust established for conservation purposes. Chattowah refused this deed,[1] arguing that it was entitled to receive the property outright and that the conservation conditions would cloud the property's title and prevent Chattowah from receiving the full benefit of the devise. Chattowah maintained that it was not required to hold the property in perpetuity as a trustee, but was instead entitled to sell the property to other parties while retaining only a conservation easement.

Due to this controversy, on February 25, 2005, the co-executors filed a Petition for Direction and Construction of the Will, asking the probate court to determine whether the will created a charitable trust or provided for an outright devise of the property subject to a condition subsequent. On April 27, 2005, the Cobb County District Attorney, acting on behalf of the public pursuant to OCGA § 53-12-115, filed a petition to name a successor trustee to carry out the charitable purposes of the will because Chattowah was attempting to defeat the charitable trust by demanding an outright devise.[2]

---

[1] In fact, Chattowah drafted its own version of an executor's deed granting it a fee simple interest in Decedent's property.

[2] Georgia Land Trust, Inc., which Chattowah has labeled as both its successor in interest and/or companion corporation, filed separate complaints in which it claimed, among other things, that the co-executors had breached their fiduciary duties by failing to properly convey a fee simple interest in Decedent's property and that the co-executors conspired to have the property rezoned from medium-density residential to conservation, thereby making it more difficult to sell the land.

A hearing on these issues was set for June 21, 2005, and proper notice was provided to Chattowah and its attorney. Prior to the hearing, Chattowah requested and received two separate extensions of time in which to file responsive briefs. Despite these extensions, Chattowah failed to answer either the District Attorney's petition to name a trustee or the co-executors' petition for construction. On June 20, 2005, the day before the hearing, Chattowah decided to fire its attorney, who was apparently suffering from stress. That same day Chattowah's attorney presented the probate court with a handwritten note requesting a postponement of the hearing. Chattowah did not replace its attorney prior to the hearing.

At the hearing, Katherine Eddins, Chattowah's executive director, asked to address the probate court, but the probate court instructed her that, because she was not an attorney licensed to practice in Georgia, she could not make any argument on behalf of her corporation. The probate court then indicated that, because it had already granted extensions of time to Chattowah, it was not inclined to postpone the hearing unless all parties agreed. No such agreement was reached, and the hearing continued.

Based on the will's express language of devise and intent, the probate court ruled that Decedent had unambiguously created a charitable trust of her property and rejected Chattowah's contention that an outright devise of the property subject to a condition subsequent had been made. Because no ambiguities were found in the will, no parol evidence was considered. The probate court then determined that Chattowah had renounced its position as trustee by rejecting the executor's deed, refusing the existence of any kind of trust, and claiming an outright interest in the property. The probate court entered a final order on the matter on June 28, 2005, and it named the Board of Commissioners of Cobb County as the successor trustee of the charitable trust. On July 28, 2005, the probate court amended its order to reflect a denial of the request for postponement of the hearing made by Chattowah's former attorney. Chattowah then filed two motions for reconsideration and a motion for new trial, all of which the probate court denied. This appeal followed.

1. Chattowah contends that the probate court erred by denying its former counsel's request for a continuance pursuant to OCGA § 9-10-155. This Code section provides:

> The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance, provided that the party making the application for a continuance will swear that he cannot go safely to trial

without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only.

In this case, the only application for a continuance was filed by counsel whom Chattowah fired, and it is undisputed that the unsworn application failed to set forth all of the representations strictly required by OCGA § 9-10-155. As a result, Chattowah's reliance on this statute to challenge the probate court's decision not to grant a continuance is unfounded, as strict compliance is required. See, e.g., *Adams v. Hill*, 177 Ga. App. 492 (340 SE2d 27) (1986).

2. Chattowah next argues that the probate court erred by holding that Decedent's will unambiguously created a charitable trust rather than an outright devise subject to a condition subsequent. In her will, however, Decedent plainly stated her express intent to devise her homeplace to an organization "which will maintain the property in perpetuity for conservation purposes." In addition, she bequeathed gardening equipment to the same organization, clearly for the purpose of tending the land which it had been given and was expected to hold as trustee. This devise of property reflects all of the composite elements of an express trust: (1) an intention by a settlor to create a trust; (2) a trust res or property; (3) a beneficiary; (4) a trustee; and (5) active duties imposed upon a trustee. OCGA § 53-12-20. Decedent devised her property to Chattowah to use for conservation purposes for the benefit of the public. Decedent placed active duties on the trustee to maintain the property in perpetuity, and in Item V (b) of her will, she even bequeathed gardening equipment to the trustee to do so. Therefore, the probate court did not err in its finding that Decedent's will unambiguously created a charitable trust. Chattowah's argument that the will failed to use the terms "trust" and "trustee" does not alter this outcome, as the strict use of these terms is not required to establish a trust. See, e.g., *In re Estate of Chambers*, 261 Ga. App. 737 (1) (583 SE2d 565) (2003).

3. Chattowah also maintains that the probate court erred by preventing it from presenting parol evidence regarding Decedent's intentions underlying Item V of the will. However, "[w]here the terms of a will are plain and unambiguous, they must control. Parol evidence cannot be used to contradict or give new meaning to that which is expressed clearly in the will." (Citation omitted.) *Reynolds v. Harrison*, 278 Ga. 495, 498-499 (2) (604 SE2d 184) (2004). As Decedent's intent was unambiguously set forth on the face of her will, the probate court properly disregarded any parol evidence in this case. Id.

4. Chattowah contends that the probate court erroneously held that it rejected its position as trustee, focusing its argument on contentions that there was never a proper tender of an executor's

deed and that it was never asked to be a trustee. These arguments, however, run counter to Chattowah's own contentions in complaints it filed that the co-executors had breached their fiduciary duties by attempting to transfer the property to Chattowah in trust instead of as an outright devise. Chattowah has vociferously contended that no trust was created under the will. It has unequivocally informed the co-executors that it is entitled to the property outright, and it has brought suit against them for failing to do so. Chattowah cannot now logically maintain that it has not rejected the trust.

Irrespective of this contention, however, OCGA § 53-12-24 (a) provides that, in Georgia, a "trustee must have legal capacity under Georgia law to acquire, hold, and transfer title to property. If the trustee is a corporation, it must have the power to act as a trustee in Georgia." It is undisputed that Chattowah does not have the power to act as a trustee in Georgia.[3] Therefore, even if Chattowah had not rejected the trust property, it is not a proper trustee. As such, the probate court did not err by appointing a successor trustee pursuant to OCGA §§ 53-12-170; 15-9-127.[4]

5. Chattowah argues that the probate court erred by appointing the Cobb County Board of Commissioners to act as successor trustee. To support this claim, Chattowah speculates that, at some point in the future, Cobb County might choose to widen some parts of Johnson Ferry Road, which abuts a portion of the property in question. Chattowah further speculates that, if Cobb County were to widen that part of Johnson Ferry Road which abuts the property, Cobb County would be faced with a fiduciary conflict of interest. Chattowah contends that it would be improper for Cobb County to condemn part of the property in order to widen the road, as this possible action might conflict with the Board's duty as trustee of the charitable trust. Chattowah's speculation over possible future events provides no basis for overturning the probate court's decision to appoint the Board as successor trustee. The evidence of record shows that the Board was available and qualified to act as trustee over Decedent's property.[5] The probate court did not err.

6. Finally, Chattowah contends that the probate court erred by failing to grant a jury trial, contending that a jury was needed to determine a number of factual issues, including Decedent's intent. Pretermitting the issue of whether Chattowah properly preserved its

---

[3] The evidence showed that Chattowah had not received approval from the Georgia Department of Banking and Finance to act as a trust company. See OCGA § 7-1-392 et seq.

[4] Although Chattowah argues that the probate court had no authority to remove it as a trustee, the probate court, in actuality, was simply appointing a successor trustee.

[5] Chattowah does not dispute that the Board is qualified to act as a trustee of a charitable trust.

right to request a jury trial, the probate court found that the will was unambiguous and, as a result, no issues of fact remained on this matter. In addition, unequivocal evidence was provided that Chattowah was not authorized under Georgia law to serve as a corporate trustee. Given these legal findings, no dispositive questions of fact remained for a jury's determination. Therefore, the probate court did not err by failing to conduct a jury trial.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Stephens & Shuler, Charles W. Stephens, Ann A. Shuler*, for appellants.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Grace E. Lewis, Senior Assistant Attorney General, John B. Ballard, Jr., Assistant Attorney General, Bovis, Kyle & Burch, John H. Peavy, Jr., Merritt & Tenney, Michael W. Rushing, Carol V. Clark, Dorothy H. Bishop*, for appellees.