## S06A2101. GARNETT v. MURRAY.
(639 SE2d 475)

THOMPSON, Justice.

On August 17, 2005, Ruby M. Garnett filed a mandamus petition against Brian C. Murray to compel Murray to issue an income deduction order to garnish the wages of Garnett's ex-husband who was allegedly in arrears on his child support obligation. Murray had previously been employed by Maximus, Inc., which had contracted with the State of Georgia to provide child support enforcement services between July 1, 2003, and September 30, 2005.

Murray filed an answer and a motion to dismiss the petition on October 18, 2005, pointing out, inter alia, that he no longer works for Maximus, Inc., and is not in a position to perform the act that Garnett

---

wants him to perform.[1] On June 22, 2006, Murray filed a supplemental brief in support of his motion.[2] Following a hearing on July 13, 2006, the court granted Murray's motion to dismiss and dismissed the petition for mandamus with prejudice.

1. Relying upon Uniform Superior Court Rule 6.2,[3] Garnett asserts the court erred in ruling on Murray's motion to dismiss without allowing her a sufficient period of time to respond to Murray's supplemental brief. This assertion is without merit. The supplemental brief was not a motion; it was filed in support of Murray's motion to dismiss which was filed more than eight months before the hearing. Additionally, a trial judge has the discretion to shorten the period of time to respond to a motion to dismiss in a civil case. See *Kidd v. Unger*, 207 Ga. App. 109, 110 (2) (427 SE2d 82) (1993). More importantly, Garnett has not shown how she was harmed by the alleged error. "As the record stands in this case, judgment for [Murray] is demanded. [Garnett] make[s] no claim that there would have been any addition to the record or that [additional time to respond to the supplemental brief] would have changed the state of the record in any way." *Premium Distrib. Co. v. National Distrib. Co.*, 157 Ga. App. 666, 670 (2) (278 SE2d 468) (1981).

2. The remaining enumerations of error are not supported by argument or citation of authority and are deemed abandoned. Rule 22, Rules of the Supreme Court of Georgia.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

Ruby M. Garnett, *pro se.*
*Balch & Bingham, Michelle M. Rothenberg-Williams, Malissa A. Kaufold-Wiggins*, for appellee.

---

[1] See *Sauls v. Winters*, 215 Ga. 515, 517 (111 SE2d 41) (1959) (petition for mandamus is inappropriate unless the defendant is in a position to perform the act the petitioner seeks to have performed).

[2] The brief was captioned "Supplemental Brief in Support of Motion to Dismiss or in the Alternative for Summary Judgment Upon Plaintiff's Petition for Mandamus."

[3] This rule provides:

Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion.