A12A0334. COLVIN v. CHRISLEY et al.
(727 SE2d 232)

MIKELL, Presiding Judge.

Two lawsuits were filed in Fulton County Superior Court after a dispute arose over allegations that Michael Chrisley misappropriated funds related to a development project, and that the company of which he was part owner failed to pay a construction company for work performed. The cases were consolidated and, later, voluntarily dismissed by all parties. Remaining on appeal is the trial court's imposition of sanctions and award of attorney fees against William L. Colvin, the lawyer for the plaintiffs in the underlying actions. Colvin appeals, raising two enumerations of error.

1. The first enumeration challenges the award under OCGA § 9-11-37 (d) (1), which provides for an award of attorney fees if a party fails to attend a properly noticed deposition or fails to respond to discovery requests. This enumeration argues, inter alia, that the trial court abused its discretion by awarding attorney fees to a party and against the lawyer for the opposing party. At a hearing on February 17, 2011, in Fulton County Superior Court, however, Colvin waived any objection to the imposition of sanctions. Colvin stated, under oath, "You're going to hold me or reward sanctions, then so be

it." Colvin also stated under oath, "I'll accept whatever this Court rules as far as whether it has — it can issue sanctions."[1]

2. The second enumeration of error objects to the imposition of sanctions under OCGA § 9-15-14 (e) on the ground that the sanctions are premature given that they were requested prior to the parties' mutual dismissal of the underlying action. The appellant is incorrect on this point, as the statute provides that attorney fees and expenses "may be requested by motion *at any time during the course of the action* but not later than 45 days after the final disposition of the action."[2] The trial court's order, however, did not specify under which Code section it awarded sanctions.

The appellant also argues that the amount of the sanctions, $7,500, was not properly proven. The appellant is correct that only attorney fees relating to the discovery violations are compensable. However, Chrisley proved total attorney fees of approximately $23,000. The trial court at the hearing recognized that only attorney fees related to the discovery could be awarded. The award made by the trial court is within the range of the evidence,[3] and therefore, the order appealed from is affirmed.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

DECIDED APRIL 11, 2012.

*William L. Colvin*, pro se.
*Hayden R. Pace*, for appellees.

---

[1] See *Moses v. Pennebaker*, 312 Ga. App. 623, 630 (3) (b), n. 25 (719 SE2d 521) (2011) (litigant who conceded liability at trial may not later claim error); *Ahmed v. Clark*, 301 Ga. App. 426, 428 (688 SE2d 361) (2009) (party may not acquiesce in trial court's ruling and later complain about ruling on appeal).

[2] (Emphasis supplied.) OCGA § 9-15-14 (e). Accord *Forest Lake Home Owners Assn. v. Green Indus.*, 218 Ga. App. 890, 894 (2) (463 SE2d 723) (1995) ("Remedies under OCGA § 9-15-14 are now available not only after final disposition of an action but during the course of litigation"); *First Union Nat. Bank of Ga. v. Cook*, 223 Ga. App. 374, 380 (9) (477 SE2d 649) (1996) (motion seeking fees under OCGA § 9-15-14 (e) not premature as such motions may be filed at any time), overruled in part on other grounds, *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 233-234 (2) (547 SE2d 637) (2001) (whole court).

[3] See *Spencer v. Dupree*, 150 Ga. App. 474, 480 (8) (258 SE2d 229) (1979) (trial court may make fee award within the range of the evidence, even if that amount differs from amount claimed).