**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**December 8, 2014**

# In the Court of Appeals of Georgia

A14A1625. DAVIS et al. v. OSINUGA et al.                    JE-084

ELLINGTON, Presiding Judge.

Diane Eldredge Davis and Jesse Randolph Eldredge (collectively, "the Eldredges"), as the survivors of their father, Jesse Belton Eldredge, brought this medical malpractice wrongful death action in the State Court of DeKalb County against Oladayo Osinuga, M.D., and against his employer, East Point Primary Care Center, P.C. (collectively "Dr. Osinuga"). When the trial court called the case for trial, the Eldredges applied for a continuance on the basis that, as of the preceding business day, they were unable to present the testimony of their only expert witness. After a hearing, the trial court denied the Eldredges' application for a continuance. Because the Eldredges were unable to move forward with their case without expert testimony, the trial court also dismissed the Eldredges' action for want of prosecution.

The Eldredges appeal, contending, inter alia, that the trial court abused its discretion in denying their application for a continuance.

> A motion for continuance of a trial is properly addressed to the sound legal discretion of a trial judge,[1] who is in control of the management of the case in court. The exercise of that discretion will not be disturbed by the appellate courts unless the discretion is manifestly abused.

(Citations and punctuation omitted.) *In re Estate of Jackson*, 241 Ga. App. 392, 393-394 (1) (526 SE2d 884) (1999).[2]

The record shows the following material facts. The Eldredges' action concerned Dr. Osinuga's treatment of their father in April 2007. They filed their action in April 2009, together with an affidavit executed by Kelly Thrasher, M.D., as

---

[1] OCGA § 9-10-167 (a) provides that "[a]ll applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require."

[2] See also *Simmons v. Simmons*, 265 Ga. 183, 184 (453 SE2d 696) (1995) (The exercise of a trial court's discretion in considering an application for a continuance "will not be disturbed by the appellate courts unless the discretion is manifestly abused.") (citation omitted); *General Motors Corp. v. Blake*, 237 Ga. App. 426, 427 (515 SE2d 166) (1999) (In reviewing the denial of an application for a continuance, an appellate court, "which is far removed from the unfolding development in the life of a case in court and does not participate in its ongoing journey, is . . . bound to respect the exercise of the trial court's discretion and reverse [the ruling] only if [the trial court's discretion] is manifestly abused.") (citation and punctuation omitted).

required by OCGA § 9-11-9.1.[3] In January 2013, after Dr. Thrasher was arrested on felony and misdemeanor charges, the Georgia Composite Medical Board suspended his license to practice medicine.

In April 2013, Dr. Osinuga, through his counsel, inquired whether the Eldredges still planned to call Dr. Thrasher as an expert witness at trial. He advised them that he intended to oppose any attempt to continue the case because of Dr. Thrasher's legal problems.

The trial court issued jury trial calendars that included the Eldredges' case in September 2011, July 2012, and October 2013, but the case was either continued or not reached each time. On January 1, 2014, the trial court issued a notice that the case was on a jury trial calendar for the week of February 10, 2014. On January 14, Dr. Thrasher was arrested for practicing medicine without a license. On February 7, the business day before trial was to begin in the Eldredges' case, the Superior Court of

---

[3]

In any action for damages alleging professional malpractice against [specified professionals, including physicians and professional corporations alleged to be liable based upon the actions of a physician,] . . . [t]he plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

OCGA § 9-11-9.1 (a).

3

Fulton County modified the conditions of Dr. Thrasher's bail, specifying that he could not give his medical opinion on any matter, including testifying in any legal proceedings. This condition prevented the Eldredges from calling Dr. Thrasher as an expert witness at trial. On February 10, the day trial was to begin, the Eldredges applied for a continuance.

At the hearing on the Eldredges' request for a continuance, their counsel conceded that they could not prove their case without expert opinion testimony and that, with Dr. Thrasher's criminal charges unresolved, they could not state that they expected to be able to procure Dr. Thrasher's testimony at the next term of court. The trial court observed that the Eldredges had been aware of Dr. Thrasher's legal issues and "tenuous personal situation" at least since January 2013 and had been aware of Dr. Osinuga's opposition to continuing the trial at least since April 2013, yet they failed to bring another expert into the case and failed to preserve Dr. Thrasher's testimony with an evidentiary deposition. The trial court determined that, under the circumstances, a continuance was not appropriate and denied their application.

1. The Eldredges contend that the trial court's ruling was not based on an "applicable reason" and that the trial court therefore abused its discretion in denying their application. This argument lacks merit.

4

Under Georgia law, an application for a continuance based upon the absence of a witness shall set forth eight different requirements, including that "the applicant expects he will be able to procure the testimony of the witness at the next term of the court[.]" OCGA § 9-10-160 (6).[4] This statute applies to expert witnesses as well as to fact witnesses. *Carter v. Murphey*, 241 Ga. App. 340, 342-344 (1) (526 SE2d 149) (1999). "Where any one of [OCGA § 9-10-160's] requirements is not met, there is no abuse of the trial court's discretion to deny a continuance." (Citation omitted.) Id. Given that the Eldredges could not represent to the trial court that they could have Dr.

---

[4] In full, that Code section provides that

[a]ll applications for continuances upon the ground of the absence of a witness shall show to the court:

(1) That the witness is absent;
(2) That he has been subpoenaed;
(3) That he does not reside outside of the state;
(4) That his testimony is material;
(5) That the witness is not absent by the permission, directly or indirectly, of the applicant;
(6) That the applicant expects he will be able to procure the testimony of the witness at the next term of the court;
(7) That the application is not made for the purpose of delay but to enable the party to procure the testimony of the absent witness; and
(8) The facts expected to be proved by the absent witness.

OCGA § 9-10-160.

Thrasher available to testify at the next term of court, the record shows that the Eldredges failed to meet the requirements of OCGA § 9-10-160.[5]

Even if this were not enough to justify denying the application for a continuance, the Civil Practice Code provides that "[a] party making an application for a continuance must show that he has used due diligence." OCGA § 9-10-166. The evidence authorized the trial court to find that the Eldredges had not been diligent in securing the attendance, or preserving the testimony, of a material witness whose availability was uncertain.[6]

---

[5] See *Tucker v. Signature Flight Support-Savannah, Inc.*, 219 Ga. App. 834, 835 (466 SE2d 694) (1996) (The trial court did not abuse its discretion in denying a motion for a continuance where, inter alia, the appellants conceded that they could not meet the requirements of OCGA § 9-10-160.).

[6] See *In re Estate of Jackson*, 241 Ga. App. at 393-394 (1) (The trial court did not abuse its discretion in denying a party's motion for a continuance so that he could attend a scheduled hearing after his release from prison, where there was no showing that he would, in fact, be released from prison on the anticipated release date and where the petition to remove the party as the administrator of the subject estate had been pending for over a year.); *Tucker v. Signature Flight Support-Savannah, Inc.*, 219 Ga. App. at 835 (The trial court did not abuse its discretion in denying a motion for a continuance where, inter alia, the case had been pending for over two years and had previously been continued several times and where the appellants chose not to preserve a witness's testimony through an evidentiary deposition before trial even though they knew that the witness's ability to attend the trial was "questionable.").

Based on the foregoing, the trial court did not abuse its discretion in denying the Eldredges' application for a continuance.

2. The Eldredges enumerated two other claims of error but failed to support those claims with citation to the record, citation of authority, or legal argument. Accordingly, these claims present no basis for reversal. See Court of Appeals Rule 25 (c) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) (legal argument requires the application of the appropriate law to the relevant facts).

*Judgment affirmed. Phipps, C. J., and McMillian, J., concur.*