**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 31, 2019**

# In the Court of Appeals of Georgia

A19A1418. CAPITAL FLOORS, LLC et al. v. FURMAN et al.

BARNES, Presiding Judge.

The defendants, Naftali Yair and Capital Floors, LLC, (collectively, "Capital Floors") appeal from the trial court's judgment awarding damages, attorney fees, and costs to the plaintiffs, Jeremy and Arielle Furman (collectively, the "Furmans"), in this suit alleging breach of contract, fraud, and other claims. The trial court entered the final judgment after the entry of a default judgment in favor of the Furmans as a discovery sanction under OCGA § 9-11-37 (d) and after a hearing on the issue of damages. On appeal, Capital Floors argues that the trial court erred in entering a default judgment without first allowing Capital Floors 30 days to respond to the Furmans' motion for default judgment in accordance with Uniform Superior Court Rule ("USCR") 6.2. Capital Floors further argues that the trial court erred in entering

a default judgment because the Furmans failed to file a certification with their motion in compliance with USCR 15. Additionally, Capital Floors argues that the trial court erred in denying its motion for a continuance of the damages hearing, in failing to conduct a jury trial on the issue of damages, and in awarding attorney fees to the Furmans in the amount set forth in the judgment. For the reasons discussed more fully below, we vacate the portion of the judgment awarding attorney fees to the Furmans and remand the case with direction. We affirm in all other respects.

The record reflects that on October 2, 2017, the Furmans filed their verified complaint against Capital Floors, alleging breach of contract, fraud, and other claims arising from the allegedly faulty installation of a wooden floor in their home. The Furmans sought damages and attorney fees. Capital Floors filed its answer on December 4, 2017, denying liability.

The trial court issued a notice informing the parties that a status/scheduling conference would be conducted on April 24, 2018. Because Capital Floors and its counsel failed to appear at the conference, the trial court entered an order striking the answer of Capital Floors and granting default judgment to the Furmans. The trial court issued a notice that a hearing on damages would be conducted on May 22, 2018.

2

Capital Floors filed a motion for reconsideration and/or to set aside the default judgment; a request for a jury trial on the issue of damages; and a request to postpone a trial on damages until after the trial court ruled on whether it would reconsider and/or set aside the judgment. In support thereof, counsel for Capital Floors submitted an affidavit stating, among other things, that because of overseas travel and illness, he failed to review emails from the trial court and opposing counsel notifying him of the status/scheduling conference. Counsel acknowledged that he did not file a leave of absence with the trial court before traveling overseas and that he checked his email upon returning to this country "but inadvertently failed to see" an email notifying him about the conference. Yair, the primary shareholder and manager of Capital Floors, also submitted an affidavit stating that he had not been notified about the conference by his counsel or anyone else.

Following a hearing, the trial court granted Capital Floors' motion to reconsider and set aside the default judgment. The trial court concluded that while the "situation could have been avoided" if Capital Floors' counsel had "simply complied with [his] duties, . . . it would not be in the interest of justice to enter default judgment" and deprive Capital Floors of the opportunity to defend itself against the allegations made by the Furmans in the lawsuit.

3

Having set aside the default judgment, the trial court twice extended the discovery period and placed the case on the October/November 2018 jury trial calendar. On July 30, 2018, the Furmans served Capital Floors with their first requests for production of documents and first continuing interrogatories. Capital Floors requested an extension to September 14, 2018 to respond to the discovery requests, and the Furmans agreed to the request. When Capital Floors later requested a second extension to respond, the Furmans denied the request because of the length of time the case had been pending and the approaching trial calendar. Counsel for Capital Floors then asked for a hearing before the trial court to address discovery, and the trial court scheduled a hearing by telephone for September 21, 2018. However, Capital Floors and its counsel failed to appear.

After the failure of Capital Floors and its counsel to appear at the telephonic hearing, the Furmans filed a motion to compel in which they sought an order compelling Capital Floors to respond to the discovery requests and awarding the Furmans reasonable attorney fees incurred as a result of the telephonic hearing and the motion to compel. Capital Floors failed to respond to the motion to compel and never responded to the discovery requests.

4

Nonetheless, Capital Floors served its own discovery requests on the Furmans on the last day of the discovery period, October 22, 2018. The Furmans then filed a combined motion for default judgment as a discovery sanction pursuant to OCGA § 9-11-37 (d)[1] and a motion for a protective order to relieve them from having to respond to Capital Floors' discovery requests. Capital Floors did not respond to the motion to compel or the combined motion for default judgment and a protective order.

---

[1] OCGA § 9-11-37 (d) provides:

> (d) *Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection.*
>
> (1) If a party . . . fails to serve answers or objections to interrogatories submitted under Code Section 9-11-33, after proper service of the interrogatories, or fails to serve a written response to a request for inspection submitted under Code Section 9-11-34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) through (b) (2) (C) of this Code section. In lieu of any order, or in addition thereto, the court shall require the party failing to act or the attorney advising him, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

OCGA § 9-11-37 (b) (2) (C) authorizes the trial court, as a discovery sanction, to enter "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

On November 8, 2018, the trial court granted the Furmans' motion for a protective order, and by separate order, granted their motion for default judgment as a discovery sanction under OCGA § 9-11-37 (d). The trial court found that because Capital Floors failed to respond to the Furmans' discovery requests, failed to appear at the telephonic hearing that Capital Floors itself had requested to address discovery, and failed to respond to the motion to compel, this was an "exceptional" case of discovery abuse that warranted the immediate sanction of striking the answer and entering default judgment in favor of the Furmans. That same day, the trial court issued a notice of evidentiary hearing to determine the amount of damages that would be awarded to the Furmans. The hearing was scheduled for December 6, 2018.

The night before the damages hearing, Capital Floors' counsel for the first time informed opposing counsel that he would be seeking a continuance. Then, on the morning of the scheduled damages hearing, counsel for Capital Floors filed an emergency motion for a continuance, asserting that recent health issues prevented him from participating in the hearing and that a "primary witness" for the defense would be absent from the hearing due to illness. When the hearing commenced a few hours later, no representatives of Capital Floors or any other defense witnesses were present. Capital Floors' counsel, who participated in the hearing by telephone, moved

to continue the hearing to a later date and informed the trial court that he had filed a "late" motion for continuance that morning "[o]ut of formality." Counsel for the Furmans objected to the motion for continuance, noted Capital Floors' pattern of not participating in the case, and stated to the trial court:

> [G]oing through this case and the procedural posture of this case, Your Honor, I'm concerned that if this were continued, there's no stopping it essentially is my concern, Your Honor. This has been the MO for this entire case, is to delay and see how long we can drag this out, and it needs to come to its head, and that's why I object.

The trial court denied the motion for continuance. The Furmans then presented testimony and documentary evidence pertaining to their damages suffered and the attorney fees they had incurred.

Following the damages hearing, the trial court entered judgment in favor of the Furmans and against Capital Floors in the principal amount of $24,589.50, attorney fees in the amount of $8,983.81, and costs in the amount of $245.74. This appeal followed.

1. Capital Floors contends that the trial court erred in entering a default judgment against it as a discovery sanction under OCGA § 9-11-37 (d) because the court did not allow Capital Floors a full 30 days to respond to the Furmans' motion

7

for default judgment in accordance with USCR 6.2.[2] But, Capital Floors makes no claim on appeal that affording it additional time to respond to the motion would have led it to present evidence on the discovery issue that would have affected the substantive result; indeed, Capital Floors does not challenge the trial court's findings that resulted in the court imposing the sanction of entry of a default judgment against it. Consequently, Capital Floors has failed to show that additional time to respond "would have changed the state of the record in any way" and thus has failed to show that it was harmed by the allegedly premature entry of the default judgment. (Citation and punctuation omitted.) *Garnett v. Murray*, 281 Ga. 506, 507 (1) (639 SE2d 475) (2007). Accordingly, Capital Floors has failed to show that any alleged noncompliance with USCR 6.2 would justify reversal in this case. See *Garnett*, 281 Ga. at 507 (1); *Evans v. East Coast Intermodal Systems*, 191 Ga. App. 749, 749-750 (382 SE2d 743) (1989) (concluding, in case where trial court dismissed complaint as

---

[2] USCR 6.2 provides:

Unless otherwise ordered by the judge or as provided by law, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion. Such response shall include or be accompanied by citations of supporting authorities and, where allegations of unstipulated facts are relied upon, supporting affidavits or citations to evidentiary materials of record.

8

a discovery sanction under OCGA § 9-11-37 (d), that any alleged error from noncompliance with USCR 6.2 was harmless, where appellant failed to show that granting further time to respond to the motion to dismiss would have affected the trial court's decision to sanction the appellant with dismissal). See generally *Waters v. Chase Manhattan Bank*, 308 Ga. App. 885, 886 (1) (709 SE2d 37) (2011) ("It is well settled that the burden is on the appellant to establish both error and harm. Error which is harmless will not be cause for reversal.") (footnotes omitted).

2. Capital Floors argues that the trial court erred in entering default judgment against it because the Furmans failed to comply with the certification requirements imposed by USCR 15 when they filed their motion for default judgment.[3] "The plain terms of [USCR 15] show that the certificate is intended to assure the judge who has received a proposed default judgment that the defendant was in fact served [with the

---

[3] USCR 15 provides:

> The party seeking entry of a default judgment in any action shall certify to the court the following: the date and type of service effected; that proof of service was filed with the court within 5 business days of the service date, or, if not filed within 5 business days of the service date, the date on which proof of service was filed; that no defensive pleading has been filed by the defendant as shown by court records; and the defendant's military status, if required. This certificate shall be in writing and must be attached to the proposed default judgment when presented to the judge for signature.

9

complaint] and in fact failed to [file an] answer." *Williams v. Contemporary Svcs. Corp.*, 325 Ga. App. 299, 301 (750 SE2d 460) (2013). The Furmans, however, sought a default judgment as a discovery sanction for Capital Floors' total failure to respond to discovery requests pursuant to OCGA § 9-11-37 (d), not for any alleged failure by Capital Floors to file an answer or other "defensive pleading."[4] Compare OCGA § 9-11-55 (entry of default where an answer has not been timely filed). USCR 15 thus is inapplicable under the circumstances here.

3. Capital Floors contends that the trial court erred in denying its motion for a continuance before conducting the damages hearing because its trial counsel and its main witness were ill.[5]

---

[4] See OCGA § 9-11-7 (a) (defining "pleadings" as "a complaint and an answer; a third-party complaint, if a person who is not an original party is summoned under Code Section 9-11-14; and a third-party answer, if a third-party complaint is served," as well "a reply to a counterclaim denominated as such and an answer to a cross-claim, if the answer contains a cross-claim").

[5] Counsel for Capital Floors filed an affidavit with this Court on March 19, 2019, addressing his health problems and the continuance sought in this case. Affidavits submitted directly to this Court "cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief [or other documents submitted on appeal by] either party." (Citation and punctuation omitted.) *Stolle v. State Farm Mut. Auto. Ins. Co.*, 206 Ga. App. 235, 236 (2) (424 SE2d 807) (1992).

A motion for continuance of a trial is properly addressed to the sound legal discretion of a trial judge, who is in control of the management of the case in court. The exercise of that discretion will not be disturbed by the appellate courts unless the discretion is manifestly abused.

(Citations and punctuation omitted.) *Masonry Specialists of Ga. v. U.S. Fidelity & Guar. Co.*, 273 Ga. App. 774, 779 (4) (616 SE2d 103) (2005). See OCGA § 9-10-167 (a) ("All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require."). We discern no abuse of discretion by the trial court in the present case.

Capital Floors sought a continuance in part on the ground that its trial counsel was ill, and OCGA § 9-10-155 "specifically outlines the requirements to be met when seeking a continuance due to counsel's illness."[6] *Martin v. Wyatt*, 243 Ga. App. 319, 321 (1) (533 SE2d 149) (2000). That statute provides:

---

[6] Capital Floors also contends that it was entitled to a continuance pursuant to OCGA § 9-10-154, but that statute applies where an "absent *party* was . . . providentially prevented from attending the trial of the case." (Emphasis supplied.) *Bocker v. Crisp*, 313 Ga. App. 585, 587 (1) (722 SE2d 186) (2012). In the present case, Capital Floors contended that its trial counsel and a primary witness were ill, and thus its reliance on OCGA § 9-10-154 is misplaced.

11

The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance, provided that the party making the application for a continuance will swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only.

Thus, to meet the requirements of OCGA § 9-10-155, "the *party* must swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only. These are absolute requirements." (Emphasis in original.) *Adams v. Hill*, 177 Ga. App. 492, 492 (340 SE2d 27) (1986). As we have emphasized, "[c]ontinuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge." (Citation and punctuation omitted.) *Martin*, 243 Ga. App. at 321 (1).

The record contains no sworn statement from Capital Floors submitted in support of the motion for a continuance, and none of the aforementioned criteria for obtaining a continuance for the illness of counsel under OCGA § 9-10-155 were satisfied. "[W]here the statute is not complied with, no grounds for continuance exist," *Adams*, 177 Ga. App. at 492, and thus the trial court did not abuse its

12

discretion in declining to grant a continuance due to the illness of counsel. See id.; *Martin*, 243 Ga. App. at 321-322 (1).

Capital Floors also sought a continuance on the ground that its "primary witness" was absent because of illness. "Under Georgia law, an application for a continuance based upon the absence of a witness shall set forth eight different requirements[.]" (Citation, punctuation, and footnote omitted.) *Davis v. Osinuga*, 330 Ga. App. 278, 280-281 (1) (767 SE2d 37) (2014). See OCGA § 9-10-160.[7] "Where any one of OCGA § 9-10-160's requirements is not met, there is no abuse of the trial court's discretion to deny a continuance." (Citation and punctuation omitted.) *Davis*, 330 Ga. App. at 281 (1).

---

[7] OCGA § 9-10-160 provides:
> All applications for continuances upon the ground of the absence of a witness shall show to the court:
> (1) That the witness is absent;
> (2) That he has been subpoenaed;
> (3) That he does not reside outside of the state;
> (4) That his testimony is material;
> (5) That the witness is not absent by the permission, directly or indirectly, of the applicant;
> (6) That the applicant expects he will be able to procure the testimony of the witness at the next term of the court;
> (7) That the application is not made for the purpose of delay but to enable the party to procure the testimony of the absent witness; and
> (8) The facts expected to be proved by the absent witness.

In the present case, Capital Floors failed to explain what testimony its "primary witness" might have offered at the damages hearing, and thus failed to show that his testimony was material, as required by OCGA § 9-10-160 (4), and failed to show "[t]he facts expected to be proved by the absent witness," as required by OCGA § 9-10-160 (8). Nor did Capital Floors show that any of the other requirements of OCGA § 9-10-160 had been satisfied. Consequently, the trial court acted within its discretion in denying Capital Floors' motion for a continuance to the extent it was predicated on the absence of an ill witness. See *Davis*, 330 Ga. App. at 280-281 (1) (trial court did not abuse its discretion in denying request for continuance due to absent witness, where party failed to show that all eight requirements of OCGA § 9-10-160 had been met); *Tucker v. Signature Flight Support-Savannah*, 219 Ga. App. 834, 835 (466 SE2d 694) (1996) (trial court acted within its discretion in denying request for continuance due to illness of two absent witnesses, given that all of the criteria of OCGA § 9-10-160 had not been satisfied). Accord *Hampton v. State*, 302 Ga. 166, 170 (3) (805 SE2d 902) (2017) (trial court did not err in denying motion for continuance based on need to procure potential defense witness, where trial counsel "did not say what evidence this witness might offer").

14

4. Capital Floors asserts that the trial court erred by failing to grant its demand for a jury trial on the issue of damages.

A party held in default as a discovery sanction is "entitled to notice of the trial on damages and, upon demand, a jury trial on that issue." *Green v. Snellings*, 260 Ga. 751, 752 (2) (400 SE2d 2) (1991). However, even where a party is entitled to a jury trial upon demand, "the right to trial by jury may be implicitly waived by a party's conduct. One may waive the right to trial by jury by conduct indicative of the fact that the right is not asserted." (Citations and punctuation omitted.) *Bonner v. Smith*, 226 Ga. App. 3, 5 (4) (485 SE2d 214) (1997). See *Fine v. Fine*, 281 Ga. 850, 851-852 (2) (642 SE2d 698) (2007) (discussing waiver of right to jury trial).

Here, the record reflects that Capital Floors filed a demand for a jury trial on the issue of damages in connection with its motion for reconsideration and to set aside the default judgment originally entered by the trial court after Capital Floors and its counsel failed to attend the status/scheduling conference. But, the trial court subsequently granted Capital Floors' motion for reconsideration, set aside the default judgment, and placed the case on the jury trial calendar, rendering moot Capital Floors' demand for a jury trial on the issue of damages made in connection with the motion for reconsideration and to set aside the judgment. See *Richards v. Wells Fargo*

15

*Bank, N.A.*, 325 Ga. App. 722, 726 (5) (b) (754 SE2d 770) (2014) ("A motion is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") (punctuation and footnote omitted).

Later in the case, the Furmans filed their motion for default judgment as a discovery sanction under OCGA § 9-11-37 (d) and, in their motion, requested a hearing to determine damages. Capital Floors did not respond. The trial court, in its order granting the motion for default judgment as a discovery sanction, stated that the amount of damages would be determined in a hearing at a later date. The trial court then issued a notice setting a hearing date on damages several weeks in the future. In response to the trial court's notice of the hearing, counsel for Capital Floors did not file a demand for a jury trial on damages but instead filed an emergency motion for continuance on the morning of the hearing and then orally requested at the hearing that it be postponed. When arguing for a continuance at the beginning of the hearing, counsel noted that a request for jury trial on the issue of damages had been filed earlier in the case and had not been withdrawn, but then stated: "And so I would just ask the Court, His Honor, to grant us a continuance so that we can attend the hearing and present our evidence on the issue." The trial court denied the motion for continuance and then proceeded forward with the hearing.

16

Given this record, Capital Floors "implicitly waived [its] right to trial by jury" on the issue of damages by filing an emergency motion for a continuance of the hearing rather than renewing the previous demand for a jury trial. *Bonner*, 226 Ga. App. at 5 (4). And, while counsel for Capital Floors briefly referred to the demand for a jury trial once the damages hearing had commenced, he did so only to buttress the request for a continuance of the hearing to a later date, leading the trial court to rule solely on the continuance issue and then proceed with the hearing. "As we have long held, a party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him." (Citation and punctuation omitted.) *Affatato v. Considine*, 305 Ga. App. 755, 758 (1) (700 SE2d 717) (2010). See also *Stephenson v. Wildwood Farms*, 194 Ga. App. 728, 729 (2) (391 SE2d 706) (1990) (where a jury trial is required if demanded on an issue, a party cannot "merely inform[ ]" the trial court of its right to a jury trial on that issue, but must go further and make a "specific demand" for the trial court to submit the issue to a jury) (emphasis omitted). Under these circumstances, Capital Floors has failed to show any reversible error by the trial court in failing to submit the issue of damages to a jury.

5. Lastly, Capital Floors contends that the trial court erred in awarding $8,983.81 in attorney fees to the Furmans.

17

In their verified complaint, the Furmans sought reasonable attorney fees without citing a statutory basis for the claim, and at the hearing on damages, the Furmans sought their attorney fees as "pled for in the complaint" but did not cite to a particular statute to support the fees award. The Furmans introduced evidence at the hearing that they had incurred a total of $8,983.81 in attorney fees. In the judgment subsequently entered by the trial court that included the award of $8,983.81 in attorney fees, the court did not specify a statutory ground for the attorney fees award or include findings of fact to support the award.

On appeal, Capital Floors contends that the amount of attorney fees awarded was unsupported by any statute, while the Furmans posit that the trial court could have based its attorney fees award on OCGA §§ 9-15-14 or 9-11-37 (d) (1).

> Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract. . . . When there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.

(Citations and punctuation omitted.) *Viskup v. Viskup*, 291 Ga. 103, 106 (3) (727 SE2d 97) (2012).

18

With respect to an award of attorney fees under OCGA § 9-15-14, we have explained:

> Under OCGA § 9-15-14 (a), a trial court shall award reasonable and necessary attorney fees when a party has asserted a position that lacked any justiciable issue of law or fact so that it could not reasonably be believed that a court would accept it. The court may also award attorney fees under OCGA § 9-15-14 (b) if it finds that a party brought an action or raised a defense that lacked substantial justification, brought an action for delay or harassment, or unnecessarily expanded the proceeding by other improper conduct. But when awarding fees under OCGA § 9-15-14 (a) or (b), the court must limit the fees award to those fees incurred because of the sanctionable conduct. Thus, "lump sum" or unapportioned attorney fees awards are not permitted in Georgia. Accordingly, we will vacate and remand for further fact-finding when the trial court's order, on its face, fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why it awarded one amount of fees rather than another under OCGA § 9-15-14.

(Punctuation and footnotes omitted.) *Morton v. Macatee*, 345 Ga. App. 753, 757-758 (1) (b) (815 SE2d 117) (2018). Additionally, "OCGA § 9-11-37 (d) (1) . . . provides for an award of attorney fees if a party . . . fails to respond to discovery requests," as Capital Floors failed to do in this case. *Colvin v. Chrisley*, 315 Ga. App. 486, 486 (1)

(727 SE2d 232) (2012). However, the award of fees must be limited to those caused by the failure to respond. See OCGA § 9-11-37 (d) (1).

In the present case, the trial court's judgment sets forth neither the statutory basis for the attorney fees award nor any findings necessary to support it. Accordingly, we vacate the portion of the judgment awarding attorney fees and remand for an explanation of the statutory ground for the award and any findings necessary to support such an award. See *Morton*, 345 Ga. App. at 758 (1) (b); *Butler v. Lee*, 336 Ga. App. 102, 106-107 (2) (783 SE2d 704) (2016). If the trial court concludes that an additional evidentiary hearing is necessary to resolve these issues, it may conduct such a hearing. See *Butler*, 336 Ga. App. at 106-107 (2).

*Judgment affirmed in part and vacated in part and case remanded with direction. Mercier and Brown, JJ., concur.*